## GRIER v. THE STATE.

The taking and carrying away of personal goods from the dwelling-house of another, with the knowledge but without the consent of the owner, is not an indictable act of trespass.

Submitted February 21, — Decided March 1, 1898.

Accusation of trespass. Before Judge Willis. City court of Columbus. January term, 1898.

*G. Y. Tigner*, for plaintiff in error.
*E. J. Wynn, solicitor*, contra.

SIMMONS, C. J. Sallie Grier was indicted for the offense of criminal trespass. The material portion of the indictment was

as follows: "For that the said Sallie Grier, on the 5th day of October, in the year 1897, in the county aforesaid, did then and there unlawfully, and with force and arms, one black dress of the value of seven ($7.00) dollars, of the personal property of one Mrs. Emma Robinson, from the enclosed land of her, the said Mrs. Robinson, in the county aforesaid . . take and carry away said personal property without the consent of said Mrs. Emma Robinson, the owner thereof, contrary to the laws of said State." Upon arraignment the accused demurred to the indictment, upon the ground that the accusation did not set forth and accuse her with the violation of any penal law of this State. The demurrer was overruled, and the accused excepted.

This indictment was evidently predicated upon par. 2 of section 219 of the Penal Code, which provides that "The taking and carrying away, or attempting to take and carry away, any article, or property of any value whatever, from the land, inclosed or uninclosed, of another, without the consent of the owner," shall be deemed and held to be trespass, and indictable. This is the codification of paragraph 2 of the act of 1866 (Acts 1865–6, p. 237), which makes an indictable trespass "The taking and carrying away, or attempting to take and carry away, any timber, wood, rails, fruit, vegetables, corn, cotton, or any other article, thing, produce, or property of any value whatever, from the land, inclosed or uninclosed, of another, without the consent of the owner." This act, after the enumeration of certain things, adds "or any other article, thing, produce, or property of any value whatever," but it is a well-settled rule of construction that where a statute enumerates by name certain specific things and concludes with a general term of enlargement, this latter term is construed as being ejusdem generis with the things named. The codifiers have omitted the names of the specific articles, and to ascertain the meaning and intention of the legislature we must look to the original act. The rule just above stated, that a general term, following a specific enumeration, is held to be restricted to things of the same kind as those enumerated, is valuable as a means of arriving at legislative intent; and in the present case such intent

may also be gathered from the general context and scope of the act. The entire act deals with land and things connected therewith or incident thereto; and, in the paragraph with which we here deal, to constitute criminal trespass, the article must be taken and carried away "from the land." Looking to the entire act as well as to the paragraph under consideration, we think it clear that it was the intention of the legislature to confine acts of criminal trespass to those where the trespasser took and carried away from the land something which was attached to, connected with, produced from, or incident to the land. By that act it was not intended to make it a criminal trespass for one person to take and carry away from the dwelling-house personal goods of another, with his knowledge but without his consent.

For these reasons, we think the court erred in overruling the demurrer to the indictment. As the demurrer should have been sustained, the trial and conviction upon the indictment were void and of no effect.

*Judgment reversed. All the Justices concurring.*