HAMMOND *v.* CONYERS, executrix.

Where one of the parties to a case brings the same to this court by bill of exceptions and the adverse party sues out a cross-bill of exceptions, and the judgment of the court below does not leave the case to be retried, the cross-bill of exceptions can not be prosecuted after the withdrawal of the main bill, but must be dismissed.

Argued July 11,—Decided August 13, 1903.

Motion to dismiss the writ of error.

*Capers Dickson*, for plaintiff.    *J. M. Pace*, for defendant.

SIMMONS, C. J.    At the instance of one of the distributees of the estate of Bates, citation for settlement was issued against the executrix, objections being filed to her final return.    After judgment in the court of ordinary, the case was taken by appeal to the superior court.    There it was referred to an auditor.    To his report exceptions and objections were filed by the plaintiff.    Some of these exceptions and objections were sustained by the judge, others overruled, and final judgment entered up.    The defendant filed a bill of exceptions complaining of the judgment sustaining one of the exceptions to the auditor's report.    The plaintiff then filed a cross-bill of exceptions complaining of the refusal of the judge to sustain certain other exceptions and objections.    On the day when the case was reached for argument in this court, the main bill of exceptions was withdrawn.    The questions presented by the cross-bill were argued.    There was no motion to dismiss the writ of error, but this court is neverthless without jurisdiction to entertain the same.    Our Civil Code, § 5527, makes it the duty of this court to decide the questions made in a cross-bill of exceptions, "if a reversal of the judgment of the court is ordered, or if the effect of the affirmance is to leave the case to be again tried in the court below."    "The cross-bill of exceptions is a remedy provided for the successful party in the trial court, to have reviewed rulings made against him dur-

ing the trial, in the event his adversary is successful in obtaining a judgment in the Supreme Court which in its effect leaves the case to be tried again in the trial court."    *Planters Fire Asso.* v. *DeLoach*, 113 *Ga.* 807.

Under our system it is contemplated that a party who is dissatisfied with the judgment below will file a main bill of exceptions independent of the exceptions which may be filed by the other party.    Each party may do this, and the result be two different and independent bills of exceptions in the same case.   Where one party is satisfied to abide by the result of the trial in the court below, he may still, if the other party brings the case up for review, wish to correct certain rulings made against him so as to prevent their repetition in the event a new trial is ordered.    In such case his remedy is by cross-bill of exceptions.    If the judgment below does not leave the case to be again tried, then by filing a cross-bill of exceptions a party necessarily, under our system, places himself in the attitude of one who is willing to abide the judgment below if it be left undisturbed.    The questions made in his cross-bill will be considered only where the judgment on the main bill is reversed or modified.    These being the rules in cases in which the main bill of exceptions is considered by this court and a ruling made thereon, and the same rule being applied where the main bill is dismissed, what is the effect of a withdrawal of the main bill of exceptions?    In the present case, an affirmance of the judgment on the main bill would have resulted in a dismissal of the cross-bill.    See *Tucker* v. *Ball*, 68 *Ga.* 814.    When the main bill was withdrawn, it left the judgment below unreversed and unexcepted to, and the result was the same, relatively to that judgment, as though it had been affirmed.    So the result should be the same upon the cross-bill of exceptions, and the latter should be dismissed just as would have been done had the main bill of exceptions been passed upon and the judgment affirmed.    For these reasons we think that a dismissal of the writ of error on the cross-bill of exceptions must follow the withdrawal of the main bill.    See, in this connection, *McMullen* v. *Butler*, 117 *Ga.* 845.

*Writ of error dismissed.    By four Justices.    Candler, J., disqualified.*