7655.   WEATHERLY *v.* MAYOR & COUNCIL OF ATHENS.

1. A person who has a fixed place of business in a city, where he buys and sells merchandise commonly known as "junk," is not a peddler and traveling vendor, within the meaning of section 946 of the Civil Code of 1910.

2. The provisions of section 946 of the Civil Code apply to the articles enumerated therein and to articles of *like* character only, notwithstanding the following language in the section: "or of any other kind of merchandise or commodity whatsoever (whether herein enumerated or not)."

(*a*) The commodity known as "junk" is not specially named in section 946 of the Civil Code, nor is it comprehended by the words "or of any other kind of merchandise or commodity whatsoever (whether herein enumerated or not)."

3. The defendant was not exempt from the payment of the city tax or license required of him as a junk-dealer, and his conviction in the recorder's court was legal and demanded by the evidence; and the judge of the superior court did not err in overruling his petition for certiorari.

                     DECIDED OCTOBER 31, 1916.

Certiorari; from Clarke superior court—Judge Brand. June 8, 1916.

*P. J. Smith,* for plaintiff in error.   *Jerome Michael,* contra.

BROYLES, J. The defendant was convicted in the recorder's court of the City of Athens under a city ordinance which made it an offense for any person to carry on the business of a junk-dealer without first paying an occupation tax or city license. The undis-

puted evidence showed that he had engaged in the business of a junk-dealer in that city, and that he had not paid the required tax. His sole defense was that he was a one-legged man and unable to do manual labor, and was dependent upon the particular business in which he was engaged for a livelihood, and therefore that, under sections 946 and 994 of the Civil Code, he was exempt from paying such a tax; and that the ordinary of Clarke county had previously issued him a license, under the authority of the last-named section of the code, which specifically authorized him to carry on the business of buying and selling junk in any county in the State.

Section 994 of the Civil Code provides that certain persons are entitled to be exempt from the payment of taxes required by section 946. Admitting, for the sole purpose of this argument (this question not being here passed upon), that the accused was one of the persons entitled under the provisions of section 994 to exemption from certain taxes, it is clear that the provisions of section 946 apply to peddlers and traveling vendors only; and it is equally clear, from the undisputed evidence in the instant case, that the accused was carrying on a business of buying and selling merchandise, commonly called "junk," on Foundry street in the city of Athens, and that accordingly he was not a "peddler and traveling vendor" within the meaning of the statute. *Wrought Iron Range Co.* v. *Johnson,* 84 *Ga.* 754 (11 S. E. 233, 8 L. R. A. 273); *Kimmel* v. *Americus,* 105 *Ga.* 694 (31 S. E. 623); *Singleton* v. *State,* 14 *Ga. App.* 527 (81 S. E. 596), and cases therein cited. It is also apparent that even if the defendant had been one of the persons entitled under section 994 of the Civil Code to the exemptions therein specified, and, in addition, had been a "peddler and traveling vendor," he still would have been (under the rulings in *Latham* v. *Stewart,* 140 *Ga.* 188, 78 S. E. 812, and *Butler* v. *Stewart,* 140 *Ga.* 196, 78 S. E. 816, approved and reaffirmed in *Chatolis* v. *Phillips,* 142 *Ga.* 456, 83 S. E. 106), liable for the city license-tax as a junk-dealer, for the reason that "junk" is not included in any of the things specially enumerated in section 946, and is not comprehended by the words "or of any other kind of merchandise or commodity whatsoever (whether herein enumerated or not)." In the three cases just mentioned, the majority of the Supreme Court, in construing this code section, held that under the doctrine or rule of construction generally known as the

doctrine of ejusdem generis, the words "or of any other kind of merchandise or commodity whatsoever (whether herein enumerated or not)" should be construed as limited to merchandise or commodities of a similar genus or kind to those specifically named. It is true that Justices Lumpkin and Hill, in a strong dissenting opinion, which was backed by citations from the highest authorities, contended that the doctrine of ejusdem generis is but a rule of construction to aid in ascertaining the meaning of the legislature, and does not warrant a court in confining the operation of the statute within narrower limits than was intended by the legislature; and that this rule of construction should be taken in connection with another rule of construction, not less important, viz., that an act should be so construed as to carry out the declared intention of the legislature; and that the history of this statute, and especially the amendment thereto, which was made by the legislature to avoid the effect of a previous decision of the Supreme Court, clearly shows that in this act the legislature meant exactly what they said, and, therefore, in construing it, the doctrine of ejusdem generis is not applicable and should be discarded. Candor compels an admission from the writer that in his humble judgment the dissenting opinion of the two learned Justices is sound, logical, and unanswerable. That, however, is beside the point. This court is bound by the majority opinion of the Supreme Court, and, under that opinion in the cases cited, we are compelled to hold that in construing section 946 of the Civil Code the doctrine of ejusdem generis must be applied, and that under that doctrine the commodity known as "junk" is not comprehended by the words "or of any other kind of merchandise or commodity whatsoever (whether herein enumerated or not)." From what has been said it is obvious that the defendant was not entitled to exemption from the payment of the municipal tax required of junk-dealers, and that his conviction in the recorder's court was legal; and that the judge of the superior court did not err in overruling his petition for certiorari.                    *Judgment affirmed.*