## FARNSWORTH v. McPHERSON; *et vice versa.*

1. Exceptions to rulings of an auditor excluding evidence, which do not set forth the excluded evidence literally or in substance, can not be considered, as the court will not, in considering assignments of error upon rulings admitting or excluding testimony, look to other parts of the record to ascertain what the evidence is that was admitted or excluded. *National Bauxite Co.* v. *Republic Mining &c. Co.,* 146 *Ga.* 530 (91 S. E. 781).

2. After examination, the exceptions to the findings of the auditor upon issues of fact, upon the ground that these findings are not authorized by the evidence, do not appear to be meritorious.

3. In an action seeking equitable relief, where certain of the issues made by the petition and the answer were determined adversely to the petitioner, the court did not abuse its discretion in dividing the costs between petitioner and the defendant.

4. None of the rulings of the court not covered by the foregoing notes are shown to have been erroneous as against the excepting party.

Nos. 156, 157. NOVEMBER 17, 1917.

Equitable petition. Before Judge Brand. Clarke superior court. January 20, 1917.

*John J. & Roy M. Strickland,* for plaintiff.

*Erwin, Rucker & Erwin,* for defendant.

BECK, P. J. Mrs. Dorothy M. Farnsworth brought her petition against J. H. T. McPherson, to obtain an accounting for moneys alleged to have gone into the hands of the defendant as the administrator upon the estate of petitioner's mother, and a judgment for such an amount as might be due on settlement. She prayed also for an equitable division of real property described, for a decree requiring the defendant to deliver to her certain personalty, and for other equitable relief. The defendant filed his

plea and answer. The case was referred to an auditor, who allowed certain amendments, heard demurrers to the petition as amended, and passed upon the questions of law and fact involved. To the auditor's findings the petitioner and the defendant each filed exceptions. The judge of the superior court passed an order overruling all exceptions of law and declining to approve the exceptions of fact, and providing that a decree might be taken making the report of the auditor the decree of the court. Each party sued out a bill of exceptions assigning error upon the rulings thus made that were adverse to the exceptor.

The bill of exceptions sued out by the defendant, if treated as a main bill, must be dismissed, as it does not bring or attempt to bring up all of the record necessary to an understanding of the errors complained of, but, after specifying certain portions of the record as necessary to an understanding of the errors complained of, states: "Plaintiff in error alleges that Mrs. Dorothy McPherson Farnsworth, the plaintiff in said case, has tendered to the presiding judge and had certified a bill of exceptions complaining of certain rulings made in said case which were adverse to her, and has specified all of the record in said case that is material to a clear understanding of the errors complained of by the plaintiff in error in this bill of exceptions, except the portions of the record hereinafter referred to; and plaintiff in error specifies for transmission only the portions of the record hereinafter referred to, for the reason that the transmission of the other portions of the record would be but duplicating the record in the Supreme Court." The record in another case could not thus be made available to this plaintiff in error, if the bill of exceptions thus sued out by him were treated as a main bill of exceptions, for it would be an entirely different case from that brought up by Mrs. Farnsworth. The record brought up by the bill of exceptions of Mrs. Farnsworth is available in the bill of exceptions sued out by McPherson only in case his bill of exceptions be treated as a cross-bill; and as such we have decided to treat it.

Upon examination of the record we find no error as against the plaintiff; and the judgment of the court below is affirmed on the main bill of exceptions. The cross-bill is therefore dismissed, not for its failure to bring up the evidence, but under the rule stated in many decisions, that where the judgment of the court below is

affirmed on the main bill the cross-bill shall be dismissed. See Civil Code, §§ 6139, 6148.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Fish, C. J., absent.*