### 11247. MINSHEW v. THE STATE.

BROYLES, C. J. 1. An indictment under section 677 of the Penal Code of 1910, for performing a marriage ceremony illegally, is fatally defective where it does not charge that the marriage ceremony was performed without a license *or publication of banns,* as provided by law, or that either of the contracting parties was, within the knowledge of the marrying official, an idiot or lunatic, or subject to some other disability which would render the marriage improper and *illegal.*

(a) The fact that the license was issued by the ordinary of a county in which the female did not reside, while improper and contrary to law, would not in itself render the marriage illegal; and therefore the knowledge of this fact by the marrying official would not constitute a violation of section 677 of the Penal Code. A marriage may be legal without any license at all. *Clark* v. *Cassidy,* 64 *Ga.* 663 (4); *Dale* v. *State,* 88 *Ga.* 556 (15 S. E. 287). This being true, it clearly follows that a marriage may be legal although the license was procured in the wrong county.

2. Under the above ruling the court erred in overruling the demurrer to the indictment.

*Judgment reversed. Luke, J., concurs; Bloodworth, J., concurs specially.*

DECIDED APRIL 14, 1920.

Indictment for misdemeanor; from Ben Hill superior court — Judge Gower. January 15, 1920.

The indictment alleged that J. G. Minshew, in Ben Hill county, in this State, being a justice of the peace in and for that county, "did join together in matrimony one George J. Minshew and Letha Luke without a license as provided by law; that is to say, the said J. G. Minshew performed said marriage ceremony under a license issued by the ordinary of Turner county, said State, he, the said J. G. Minshew, well knowing that the said

Letha Luke was then and there a resident of Ben Hill county, said State, and the said Letha Luke was at the time a resident of Ben Hill county, contrary to the laws of said State," etc. The demurrer was on the grounds: (1) No offense is set forth. (2) No facts are alleged which would show that the marriage was illegally performed. (3) Under the facts alleged the marriage ceremony was legal. (4) It is not alleged that at the time of the issuance of the license the female was a resident of a county other than that in which the license was issued; but even were it so alleged it could not be the basis of a criminal charge against the marrying officer, because the right to issue the license is a matter for judicial determination by the ordinary issuing it, and not subject to review by any officer authorized to perform a marriage ceremony. (5) No disability to contract marriage is alleged; "the 'other disability' referred to in the code section defining such offense meaning any other disability of the same class as idiocy or lunacy, whereby a party would be totally incapacitated to contract marriage, and absence of license entirely does not constitute such disability." (6) It is not alleged that there was no publication of banns.

*Cutts & Nicholson,* for plaintiff in error, cited: Penal Code (1910), § 677; Civil Code (1910), §§ 2936, 2937, 2938; 64 *Ga.* 662 (1); 84 *Ga.* 440; 63 *Ga.* 533; 114 *Ga.* 96; 69 *Ga.* 754; 30 *Ga.* 173; 130 *Ga.* 161, 168; Park's Ann. Code, § 4, par. 9, and cit.; 103 *Ga.* 429; 121 *Ga.* 412; Civil Code, § 2931.

*J. B. Wall,* solicitor-general, *Jesse Grantham, A. J. McDonald,* contra, cited Penal Code (1910), § 677; Civil Code, §§ 2936, 2939.

BLOODWORTH, J., concurring specially. I concur in the judgment of reversal in this case because I think that portion of the demurrer should have been sustained which attacked the indictment on the ground that it did not show where the woman resided at the time the license was issued. It is against the law of this State for a minister (or any official authorized to perform the ceremony) to join in matrimony any man or woman without a license *as provided by law.* Penal Code (1910), §677. It is provided in § 2936 of the Civil Code of 1910 that "marriage licenses shall be granted by the ordinaries, or their deputies, *where the female to be married resides,* if resident in this State,

directed to any judge, justice of the peace, or minister of the gospel, authorizing the marriage of the persons therein named." (Italics mine.) If the license was regularly and legally issued in the county where the woman resided at the time of the issuance thereof, then the minister or official could, without violating the law, perform the ceremony in any county in this State in which the woman might be at the time of the marriage. But want of authority on the part of the minister or other official performing the ceremony does not affect the validity of the marriage. Civil Code (1910), § 2942.