17146, 17177.  CALHOUN OIL & FERTILIZER COMPANY *v.*
WESTERN AND ATLANTIC RAILROAD; and *vice versa.*

JENKINS, P. J.  1. Where an order sustaining a special demurrer to the petition was sustained, with time granted for amendment to cure the defect, and the plaintiff, without showing any reason why compliance with the terms of the order could not be made, filed an amendment within the time allowed, but which in no way actually cured the defect adjudicated to exist, and thereafter the defendant moved to dismiss the petition, on account of the plaintiff's failure to comply with the court's order, and the plaintiff made no further effort to amend his petition in order to comply with that adjudication, it was error for the judge to refuse the motion to dismiss, since his previous adjudication sustaining the special demurrer, to which no exception was taken, became the law of the case, and the court was thereafter powerless to hold to the contrary.  A verdict having been rendered in favor of the defendant, and the plaintiff's motion for a new trial having been overruled, the plaintiff excepted, and the defendant filed a cross-bill of exceptions, complaining of the refusal of the court to dismiss the petition on account of the plaintiff's failure to amend as required.

2. "Under our system it is contemplated that a party who is dissatisfied with the judgment below will file a main bill of exceptions independent of the exceptions which may be filed by the other party.  Each party may do this, and the result be two different and independent bills of exceptions in the same case.  Where one party is satisfied to abide by the result of the trial in the court below, he may still, if the other party brings the case up for review, wish to correct certain rulings made against him so as to prevent their repetition in the event a new trial is ordered.  In such case his remedy is by cross-bill of exceptions.  If the judgment below does not leave the case to be again tried, then by filing a cross-bill of exceptions a party necessarily, under our system, places himself in the attitude of one who is willing to abide the judgment below if it be left undisturbed.  The questions made in his cross-bill will be considered only where the judgment on the main bill is reversed or modified."  *Hammond v. Conyers,* 118 *Ga.* 539, 540 (45 S. E. 417).  It is the duty of the appellate court to "hear argument upon such cross-bill of exceptions, and to decide the questions therein made, if a reversal of the judgment of the court below is ordered."  Civil Code (1910), § 6139.

3. From an examination of the main bill of exceptions it appears that the court erred in refusing to permit the sequestered witness to testify (*Howard v. Echols,* 31 *Ga. App.* 420, 120 S. E. 815, citing *Thomas v. State,* 7 *Ga. App.* 615, 67 S. E. 707, and *Wallace v. Mize,* 153 *Ga.* 374 (8), 112 S. E. 724); and therefore the defendant in the court below would not be entitled to an affirmance of the judgment rendered in its favor, complained of in the main bill of exceptions; but since the question raised by the cross-bill is controlling and renders any further trial

Appeal and Error, 4 C. J. p. 180, n. 34; p. 694, n. 98.
Courts, 15 C. J. p. 961, n. 36; p. 963, n. 45.
Trial, 38 Cyc. p. 1372, n. 64.

of the case impossible, and since it appears from the cross-bill that the court erred in refusing to dismiss the petition on account of the plaintiff's failure to amend his petition as required, it is hereby adjudicated that the court erred in refusing to dismiss the petition as amended; and in view of this ruling it is unnecessary to deal with the merits of the main bill of exceptions.

*Judgment reversed on the cross-bill of exceptions; main bill dismissed. Stephens and Bell, JJ., concur.*

DECIDED MAY 14, 1926.

Action for damages; from Gordon superior court—Judge Tarver. November 28, 1925.

STATEMENT OF FACTS BY JENKINS, P. J.

Calhoun Oil and Fertilizer Company, plaintiff in error in the main bill of exceptions, brought an action for damages against the Western & Atlantic Railroad, alleging that fire was set to its oil mill, and the mill almost completely destroyed, by the defendant's engines; and that the said damage was caused by the defendant's acts of negligence in named particulars. The defendant demurred to the petition generally and specially and the special grounds of the demurrer were overruled except those aimed at two particular paragraphs of the petition. One of these paragraphs alleged: "Said fire originated from and was caused by live and lighted sparks, cinders, and coals emitted from the locomotive engine or engines of the defendant herein." This paragraph was demurred to as follows: "Specially to the allegations of paragraph 10, because the same are too general and indefinite, failing to state from what engine or engines of defendant the fire originated." The other paragraph was as follows: "Said property was almost totally destroyed and rendered entirely and completely worthless. Said building was damaged to the extent and in the amount of $10,-000. Said machinery was heated and burned and ruined and rendered entirely unfit for operation, and put into the condition of junk with only the value of junk. The damage on said machinery was at least $15,000." This paragraph was demurred to as follows: "Specially to the allegations of paragraph 20, because the same are too vague, general, and indefinite, and state a conclusion of the pleader, and fail to sufficiently specify what were the particulars of the damage to the building, and the same is true as to the failure to specify the particulars of the damage to the machinery." The order of the trial court upon the demurrers was as follows: "On hearing plaintiff is required to amend within

ten days to meet criticism contained in demurrers to paragraphs 10 and 20 of petition, the other grounds of demurrer are overruled." Within the time allowed, the following amendment to the petition was filed and allowed: "10 (a). Plaintiff adds to paragraph 10 the following words, to wit: 'as hereinafter detailed.' The plaintiff filed also an amendment to paragraph 20 of the petition, and again amended it before the motion to dismiss the petition, hereafter referred to, was passed upon. (As this amendment is very lengthy and seems to have met the complaint made in the demurrer, it is not quoted here.) Thereupon the defendant filed a motion to dismiss the petition on the ground that the amendment failed to cure the defects pointed out by the special grounds of the demurrer. This motion was overruled, and the defendant filed exceptions pendente lite. The trial of the case resulted in a verdict for the defendant. The plaintiff filed a motion for a new trial both upon general and special grounds, and the overruling of the motion is complained of in the main bill of exceptions. The defendant filed a cross-bill of exception complaining of error in the refusal of the court to dismiss the petition upon its motion. One of the grounds of the motion for new trial is that the court refused to allow the plaintiff to put up as a witness a person who had remained in the courtroom and heard the testimony after all witnesses had been sequestered under a ruling of the court.

*Y. A. Henderson, J. M. Lang,* for plaintiff.

*Tye, Peeples & Tye, J. G. B. Erwin,* for defendant.