21131, 21132. GEORGIA POWER CO. *v.* DAVIS; and *vice versa.*

DECIDED JULY 20, 1931. ADHERED TO REHEARING, SEPTEMBER 18, 1931.

*Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error.
*Joseph M. Jones, George & John L. Westmoreland,* contra.

BELL, J. Beatrice L. Davis, by her mother as next friend, brought a personal injury suit against Georgia Power Company, in which the jury found a verdict in favor of the plaintiff for $600. Both parties moved for a new trial, and both motions were overruled; whereupon the plaintiff and the defendant each sued out a bill of exceptions to this court. Whether the plaintiff's bill of exceptions is in reality a cross-bill, it is so described by its own language, and we infer that the attorneys for the plaintiff desire a

consideration of this bill only in case of a reversal of the judgment upon the bill of exceptions brought by the power company, or, in other words, that this court is expected to treat the plaintiff's bill of exceptions as a cross-bill, subject to the general rule that a cross-bill will be dismissed upon affirmance of the judgment excepted to in a main bill, where the case is not again to be tried in the court below.

The motion for a new trial filed by the power company contained the usual general grounds, and two special grounds complaining of errors in the charge of the court. But the general grounds are not insisted upon, and the only question which we are called upon to decide on this motion is in relation to the act of August 20, 1918 (Ga. L. 1918, p. 198), providing that the ordinaries of the several counties of this State shall act as the legal custodians and distributors of all moneys due and owing to minors in certain instances. This act was amended in 1927, but the amendment is not here material. Ga. L. 1927, p. 256.

The defendant pleaded that on the application of the plaintiff's father, she having no legal guardian, the ordinary assumed the duties of guardian, and that the defendant, through such guardian, paid to the plaintiff $25 "in full satisfaction, settlement and release from said plaintiff; . . that said sum of $25 was paid into the ordinary's court under order and judgment of the ordinary; . . [and] that the payment of said sum together with the order and judgment entered therein" amounted to an accord and satisfaction and to a full release and bar against the present cause of action.

The material provisions of the act of 1918 are as follows: "The ordinaries of the several counties of this State . . are hereby made and constituted the legal custodians and distributors of all money due and owing to any minor child or children, who have no legal and qualified guardian, to receive and collect all such money due or owing such minor or minors arising from insurance policies, benefit societies, legacies, inheritances, or from any other source; provided the amount due such minor or minors from all sources does not exceed the amount of $500, without any appointment or qualifying order, he is fully authorized to take charge of such money or funds for such minor or minors, by virtue of his office as ordinary in the county of the residence of such minor or minors, and the certificate of such ordinary that no legally qualified guard-

ian has been appointed for such minor or minors, and that the estate of such minor or minors, from all sources, does not exceed the amount of $500 shall be conclusive, and shall be sufficient authority to justify any debtor or debtors in making payment of moneys due as aforesaid, claims therefor having been made by such ordinary."

The defendant contends that the court erred in charging the jury that if the defendant was due the plaintiff a sum in excess of $500 because of the injuries complained of, "then the court of ordinary would not have jurisdiction over the amount, because such jurisdiction is limited to amounts involving $500 or less, and the proceedings in the court of ordinary would not bind the plaintiff, and would not relieve the defendant, in so far as this phase of the case is concerned." This charge was assigned as error "for the reason that the question of the amount of settlement up to $500 was a question to be decided in the court of ordinary, and the court of ordinary having determined said question it could not be thus reviewed by a jury in the superior court, upon the ground that the jury might think the plaintiff was entitled to recover from the defendant an amount in excess of $500;" and for the further reason "that it took away from the party settling in the ordinary's court the question of whether or not the settlement made in the ordinary's court was or was not a binding settlement." The defendant contended also that the charge was error because "it rendered practically nugatory settlement made in the court of ordinary and left the matter of settlement in the court of ordinary to be determined by the opinion of a jury that might wish to award a greater amount than that fixed and agreed upon in the ordinary's court."

The above is sufficient to illustrate the contentions of the defendant, without a further statement of the specific grounds of error insisted upon.

We do not think the act of 1918 was intended to cover a claim of this sort. There are two elements of description either of which would exclude the idea of a claim for damages for personal injuries. The language "all money due and owing" can not reasonably be applied to a right of action in tort. In their ordinary signification these words are the equivalent of the phrase "money demand," which means a demand for a fixed amount of money, as contradistinguished from damages. 40 C. J. 1493. The language

under consideration more naturally suggests a civil debt or obligation, and the word "debt" has been defined to be "a sum of money due by a certain and express agreement. A debt in its general sense is a specific sum of money due or owing from one person to another, and denotes not only the obligation of one person to pay, but the right of the other party to receive and enforce payment by judicial action; it is that which one is bound to pay to or perform for another; that which one is obliged to do or suffer. 8 Am. & Eng. Enc. Law (2d ed.) 982; 2 Words & Phrases, 1864; 1 Words & Phrases (2d series), 1226." *Dewey* v. *Denson,* 31 *Ga. App.* 352, 355 (120 S. E. 805). The words contained in this portion of the act, whether considered separately or collectively, can not reasonably be interpreted as including a claim for unliquidated damages based upon an ex delicto cause of action.

The second element of description is that which relates to the cause or source of the liability in favor of the minor. The reference is to "all such money due or owing such minor or minors arising from insurance policies, benefit societies, legacies, inheritances, or from any other source." The expression "from any other source" is the only language here which in any possible view could be relied on as including a cause of action in tort, but it is a well settled rule of construction "that where a statute enumerates by name certain specific things and concludes with a general term of enlargement, this latter term is construed as being ejusdem generis with the things named." *Grier* v. *State,* 103 *Ga.* 428, 429 (30 S. E. 255); *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412 (49 S. E. 262); *Fleming* v. *Rome,* 130 *Ga.* 383, 386 (61 S. E. 5); *Weatherly* v. *Athens,* 18 *Ga. App.* 734 (2) (90 S. E. 494); *Rowell* v. *Harrell Realty Co.,* 25 *Ga. App.* 585, 587 (106 S. E. 914).

A right to damages for personal injuries is not a right of the same kind or class as any of the causes or matters referred to in the specific enumeration, and therefore such a claim can not properly be read into this statute by interpretation. We hold that the act of 1918 conferred no authority whatever upon the ordinary to act as guardian for the purpose of receiving from the defendant any sum of money on account of the injuries which the plaintiff had sustained as a result of the defendant's negligence.

It may be that other reasons could be advanced in support of this conclusion; for instance, it would be interesting to inquire

whether as to causes actually falling within the purview of the act of 1918 an ordinary would have the same authority as to settlement and compromise as other guardians, and whether this power would extend to a right of action in tort if such a matter could be held to be covered by the provisions of this act. But in the view which we take of the case a discussion of these or like questions is unnecessary. See, in this connection, Civil Code (1910), §§ 4004-4006; *Ponce* v. *Wiley*, 62 *Ga.* 118; *Maynard* v. *Cleveland*, 76 *Ga.* 52 (8); *Malpass* v. *Graves*, 111 *Ga.* 743 (36 S. E. 955); *Carroll* v. *Atlantic Steel Co.*, 151 *Ga.* 378 (106 S. E. 908, 14 A. L. R. 660).

There was no accord and satisfaction, and no judgment of the *court* of ordinary as to the amount of the plaintiff's claim, and the rule that the presumptions are in favor of such judgments is inapplicable. *Stuckey* v. *Watkins*, 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47); *Sturtevant* v. *Robinson*, 133 *Ga.* 564 (6) (66 S. E. 890).

The trial judge in his charge gave to the defendant a partial benefit of the act of 1918, when as a matter of law this statute was entirely irrelevant. It follows that the defendant was not harmed by the instruction complained of. It will not be assumed that the jurors unfairly increased the amount of the damages merely for the purpose of avoiding the alleged settlement, under the conditions stated in the court's charge.

The court did not err in overruling the defendant's motion for a new trial. For the reasons stated above, we are treating the plaintiff's bill of exceptions as a cross-bill, and since the affirmance of the judgment upon the defendant's bill of exceptions is not to leave the case to be again tried in the court below, the plaintiff's bill of exceptions will be dismissed, under the general rule applicable to cross-bills. Civil Code (1910), § 6139; *Hammond* v. *Conyers*, 118 *Ga.* 539 (45 S. E. 417).

*Judgment affirmed in No. 21131; writ of error dismissed in No. 21132. Jenkins, P. J., and Stephens, J., concur.*

### ON REHEARING.

BELL, J. A motion for a rehearing was granted in order that we might reconsider the question of whether the plaintiff's bill of exceptions was properly dismissed as a cross-bill, or whether it should have been retained and dealt with as an independent main

bill. It is true that a bill of exceptions should be judged by what it is and not by what it is called, but even by this rule we are of the opinion that the plaintiff's bill of exceptions in this case can not be treated as a main bill. The plaintiff did not specify the petition, the answer, or the brief of evidence as parts of the record in her case, although it is manifest that a record adequate to support a main bill of exceptions sued out in her behalf should have included each of these documents. . Otherwise, it would be impossible for this court to determine the nature of the cause of action relied on or intelligently to pass upon the errors complained of. Section 6148 of the Civil Code of 1910 provides that "if a defendant in error excepts in any case by bill of exceptions, he shall prepare his bill of exceptions and proceed in the same manner as above provided, but shall not take up any portion of the evidence or record that is taken up by the main bill of exceptions." The plaintiff followed the provisions of this section, and did not bring up any portion of the evidence or the record that was brought up by the opposite party.

A question similar to that here presented was discussed in the case of *Farnsworth* v. *McPherson*, 147 *Ga.* 384 (94 S. E. 220), in which the Supreme Court, speaking through Justice Beck, said: "The bill of exceptions sued out by the defendant, if treated as a main bill, must be dismissed, as it does not bring or attempt to bring up all of the record necessary to an understanding of the errors complained of, but, after specifying certain portions of the record as necessary to an understanding of the errors complained of, states: 'Plaintiff in error alleges that Mrs. Dorothy McPherson Farnsworth, the plaintiff in said case, has tendered to the presiding judge and had certified a bill of exceptions complaining of certain rulings made in said case which were adverse to her, and has specified all of the record in said case that is material to a clear understanding of the errors complained of by the plaintiff in error in this bill of exceptions, except the portions of the record hereinafter referred to; the plaintiff in error specifies for transmission only the portions of the record hereinafter referred to, for the reason that the transmission of the other portions of the record would be but duplicating the record in the Supreme Court.' The record in another case could not thus be made available to this plaintiff in error, if the bill of exceptions thus sued out by him

were treated as a main bill of exceptions, for it would be an entirely different case from that brought up by Mrs. Farnsworth. The record brought up by the bill of exceptions of Mrs. Farnsworth is available in the bill of exceptions sued out by McPherson only in case his bill of exceptions be treated as a cross-bill; and as such we have decided to treat it." In *Hammond* v. *Conyers*, 118 *Ga.* 539 (supra), it was said: "Under our system it is contemplated that a party who is dissatisfied with the judgment below will file a main bill of exceptions independent of the exceptions which may be filed by the other party. Each party may do this, and the result be two different and independent bills of exceptions in the same case. Where one party is satisfied to abide by the results of the trial in the court below, he may still, if the other party brings the case up for review, wish to correct certain rulings made against him so as to prevent their repetition in the event a new trial is ordered. In such case his remedy is by cross-bill of exceptions. If the judgment below does not leave the case to be again tried, then by filing a cross-bill of exceptions a party necessarily, under our system, places himself in the attitude of one who is willing to abide the judgment below if it be left undisturbed. The questions made in his cross-bill will be considered only where the judgment on the main bill is reversed or modified."

It follows that the bill of exceptions brought by the plaintiff in this case must be treated as a cross-bill, and we will therefore adhere to the original judgment to that effect.

Moreover, an examination of the record convinces us that the practical result to the plaintiff would be the same if we treated the bill of exceptions as a main bill, since the judgment could not be reversed even if the bill of exceptions should be considered upon its merits.

In the first place, there is no proper exception to the judgment overruling the motion to strike the defendant's answer. The bill of exceptions states that this judgment was excepted to pendente lite, and the exceptions pendente lite were specified and brought up as a part of the record, but there is no assignment in the bill of exceptions, either upon the exceptions pendente lite or upon the rulings excepted to therein. In this state of the record this court could not pass upon any question as to the correctness of the judgment overruling the plaintiff's motion to strike the

answer. *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *House* v. *American Discount Co.,* 31 *Ga. App.* 396 (120 S. E. 701).

In the decision as originally rendered in this case we held that the defendant was not harmed by the court's instructions as to the effect of the act of August 20, 1918. It is equally true that the plaintiff was not prejudiced by the references to that act. For example, the court charged the jury that if the plaintiff was entitled to recover of the defendant "a sum in excess of $500 because of the injury, . . then the court of ordinary would not have jurisdiction over the amount, because such jurisdiction is limited to amounts involving $500 or less, and the proceedings in the court of ordinary would not bind the plaintiff, and would not relieve the defendant, in so far as this phase of the case is concerned." One of the exceptions to this charge was that it was confusing and misleading, in that, even though the jury found that the plaintiff was entitled to recover a sum in excess of $500, they might still have inferred that in arriving at the amount of the verdict "they would be required to subtract the sum of $500, inasmuch as the charge stated that a settlement would be binding to the extent of $500." The charge was not reasonably susceptible of this construction.

The plaintiff excepted also to an instruction that she herself must have been in the exercise of ordinary care, and that if by the exercise of such care she could have avoided the consequences of the defendant's negligence, she would not be entitled to recover, the contention being that this charge was unwarranted by any evidence in the case. It is evident that the plaintiff was not harmed by the charge excepted to, since the jury did nevertheless return a verdict in her favor. *Howard* v. *Georgia Power Co.,* 35 *Ga. App.* 273 (8) (133 S. E. 57), and cit.

*Adhered to on rehearing. Jenkins, P. J., and Stephens, J., concur.*