23539, 23540. HUNT *v.* WESTERN AND ATLANTIC
RAILROAD; and *vice versa.*

DECIDED MARCH 31, 1934.

*Porter & Mebane, Whitaker & Whitaker,* for plaintiff.

*Fitzgerald Hall, Walton Whitewell, J. M. Neel,* for defendant.

SUTTON, J.  Plaintiff sought to recover for the homicide of her son, alleged to have been caused by negligence of the defendant. The defendant pleaded, among other things, that the death was brought about by the decedent's own failure to exercise ordinary care.  Upon the trial of the case the great weight of the evidence sustained this contention.  The jury returned a verdict for the plaintiff for $1250.  The plaintiff, being dissatisfied with the amount of the verdict, moved for a new trial upon the general grounds, and by amendment added several special grounds.  The court overruled the motion for a new trial, and to this judgment the plaintiff excepts.

1.  "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Civil Code (1910), § 4399; *Central of Ga. Ry. Co.* v. *Perkerson,* 112 *Ga.* 923, 933 (38 S. E. 365, 53 L. R. A. 210).  Where the evidence authorizes the jury to find that both parties are at fault, but the defendant slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount of damages is proper and should not be disturbed.  *Flanders* v. *Mealh,* 27 *Ga.* 358, 361; *Evans* v. *Central of Ga. Ry. Co.,* 38 *Ga. App.* 146 (142 S. E. 909).

2.  The court did not err in failing to charge the jury that the violation of a certain ordinance of the city by the railroad company would be negligence per se.  This is true although the uncontradicted evidence shows that the train of the defendant which killed the son of the plaintiff was being operated at the time of the accident at a rate of speed in excess of that prescribed in said ordinance. There was an issue in the case as to whether or not the ordinance was reasonable, when applied to the crossing at which plaintiff's son was killed.  There was evidence to the effect that the crossing was not frequently used and was on the outskirts of the city.  The court did instruct the jury that there was a question in the case as to whether the ordinance was reasonable or unreasonable as applied to the crossing involved, that if they found that the ordinance was a reasonable regulation of the speed of trains at that

crossing they should find the ordinance valid, but that if they should determine that this ordinance was unreasonable as to the particular crossing where the collision occurred, then they should disregard the ordinance, and that "a violation of the terms thereof would not of itself constitute negligence." Under the facts of this case, the foregoing charge was not error, and the court did not err in failing to charge the jury specifically, in the absence of a request, that a violation of such ordinance would be negligence per se. In effect the court charged the jury that they should first find whether the ordinance was valid or not as applied to that particular crossing, and if they found it valid, then a violation thereof would be negligence within itself, but that if they found the ordinance unreasonable and consequently invalid, as applied to this crossing, then a violation thereof would not be negligence per se. "In view of the evidence as to the character and surrounding of the locality where the injury occurred, it was not improper for the court to submit to the jury the question of whether a municipal ordinance regulating the speed of trains within the city limits was applicable at that particular locality." *Jackson* v. *Seaboard Air-Line Ry.*, 140 *Ga.* 277 (78 S. E. 1059).

3. (*a*) The court charged the jury that "the failure of an engineer to give the signals required by statute when approaching a public crossing will not impose liability on a railroad company to a person upon or near the railroad track who is fully aware of the approach of the train. In such a case, failure to give the statutory warning of the approach of the train can not be regarded as the proximate cause of an injury sustained by a person having knowledge of the approach of the train, or by a person who, by the exercise of ordinary care, should have discovered the approach of the train." This charge was not error, under the facts of this case, for any of the reasons assigned, but constituted a correct applicable principle of law. *Moore* v. *Seaboard Air-Line Ry. Co.*, 30 *Ga. App.* 466 (5) (118 S. E. 471).

(*b*) The plaintiff objected to certain testimony of a witness in his behalf on cross-examination, the same going towards the impeachment of the credibility of the witness. It is unnecessary to pass upon whether or not the admission of this evidence was erroneous, a verdict having been returned in favor of the plaintiff and against the defendant, and it not appearing how or in

what manner the alleged evidence elicited from this witness could have possibly affected the verdict found in plaintiff's favor. Under the facts of this case, it would therefore seem that this error was harmless in so far as the plaintiff was concerned.

4. Moreover, any error committed by the court in charging the jury, in failing to charge the jury, or in the admission or exclusion of evidence, unless the same could have affected the amount of the verdict in this case, was harmless error in so far as the plaintiff is concerned, the jury having found against the defendant and in favor of the plaintiff, but in an amount which the plaintiff is dissatisfied with, and the sole reason of the motion for new trial by the plaintiff being the smallness of the verdict in her favor.

It follows that the court did not err in overruling plaintiff's motion for new trial.

5. The defendant filed a cross-bill of exceptions assigning error upon its exceptions pendente lite, which complained of certain interlocutory rulings of the trial court on demurrers, pleas, and motions. The defendant made no motion for new trial, but was content with the verdict and judgment in the case. As the judgment of this court affirms the judgment of the trial court overruling plaintiff's motion for new trial, and the case does not go back to the trial court for another trial, but is at an end, it is unnecessary to pass upon the questions presented by the cross-bill of exceptions, and the same will be dismissed. Civil Code (1910), § 6139; *Holmes* v. *Langston,* 110 *Ga.* 861 (36 S. E. 251); *Planters &c. Fire Asso.* v. *DeLoach,* 113 *Ga.* 802, 807 (39 S. E. 466); *Hammond* v. *Conyers,* 118 *Ga.* 539 (45 S. E. 417); *Farnsworth* v. *McPherson,* 147 *Ga.* 384, 385 (94 S. E. 220).

6. Moreover, the errors assigned by the defendant in the cross-bill of exceptions are the refusal to direct a verdict in its favor and to sustain its attacks upon the constitutionality of sections 4424 and 4425 of the Civil Code of 1910, as amended by the acts of 1924. It is never error to refuse to direct a verdict, and the question of the constitutionality of these sections of the code has been decided adversely to the defendant by the Supreme Court. *W. & A. R.* v. *Michael,* 175 *Ga.* 1 (8) (165 S. E. 37); *W. & A. R.* v. *Michael,* 178 *Ga.* 1 (172 S. E. 66).

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Stephens, J., concur.*