24623, 24730. LANDRUM *et al. v.* THOMAS *et al.; et vice versa.*

DECIDED DECEMBER 13, 1935.

*Jones, Powers & Williams,* for plaintiffs in error.
*Allison & Webb, George L. Goode,* contra.

MacINTYRE, J. In their official capacity as members of the board of education of Franklin County, J. E. Thomas and others brought an action against J. W. Landrum and American Surety Company of New York, surety on Landrum's bond, which was conditioned for the faithful performance of "all and singular the duties required of him by virtue of his said office" (superintendent of schools for the County of Franklin). The case was decided by the judge upon an agreed statement of facts, substantially as follows:

"The plaintiffs are the duly qualified and acting members of the board of education of Franklin County, and the court has jurisdiction of the defendants. . . The defendant Landrum was elected and qualified by giving bond, . . and served as county superintendent of schools for the County of Franklin for the term including the years 1921 to 1924. At its regular session on January 1, 1918, the board of education . . passed and had duly

and regularly placed upon its minutes the following action of said board, to wit: 'On motion the board heard Mr. L. F. Lenhardt's petition for our banking business; and after the board had discussed this matter, they decided to give the business to the Bank of Franklin County.' . . When said Landrum went into office on January 1, 1921, said entry . . appeared on said minutes, and had never been rescinded. The said Landrum, believing said entry to be a valid order and that he was fully protected thereby, . . thereafter deposited all the funds coming into his hands as such superintendent in said Bank of Franklin County, believing said bank to be financially sound. . . Thereafter, and on February 8, 1924, said Bank of Franklin County became insolvent and was placed in the hands of the State Banking Department. At that time said Landrum had on deposit in said bank, as such superintendent of schools, the sum of $4,957.90. Thereafter, and during the continuance of his term of office, the said Landrum as such county school superintendent filed with the superintendent of banks a claim as a preferred creditor, under section 2, paragraph 19, article 7 of the banking act of 1919. Said board was informed that said Landrum had filed said preferred claim. . . At the expiration of the term of said Landrum on December 31, 1924, said Landrum and the then board of education of Franklin County considered that said entry of January 1, 1918, was in effect a designation of the Bank of Franklin County as the depository of public-school funds passing into the hands of the superintendent of schools of Franklin County, and that said Landrum was liable to account only for such part of the deposit of $4,957.90 as was paid over on the claim filed by him with the superintendent of banks . . Subsequent to the expiration of the term of office of said Landrum he has received as dividends from the Banking Department on account of said deposit, and paid over to his successor in office, the following amounts: May 20, 1925, $1,983.16; Oct. 12, 1925, $495.79; Jan. 4, 1929, $297.20. The above-recited payments were made by the superintendent of banks on said preferred claim hereinbefore set out . . At the expiration of the term of office of the said Landrum on December 31, 1924, no demand was made upon the said Landrum or his surety on his bond for the payment of the amount of said deposit in said bank; and the said Landrum at that time did not pay or offer to

pay the amount thereof or any part of the same to his successor in office. No demand was subsequently made upon said Landrum and said surety prior to the filing of the present suit. Nothing in this paragraph is to be construed as estopping plaintiffs contend- ing that the amount of said deposit became a liquidated demand on December 31, 1924, by reason of the failure of the said Lan- drum to pay over the same to his successor in office."

The court found for the plaintiffs, "against J. W. Landrum, principal, and American Surety Company of New York, surety," $2,181.48 principal, $52.17 interest from date of filing suit to date of verdict, and cost of suit. The defendants excepted, "for the reason that the facts agreed upon and all reasonable infer- ences and deductions therefrom establish that there had been no breach of said bond;" and "for that said funds deposited in and lost by reason of the failure of said bank were public-school funds deposited in said bank separate from the individual bank account of the said J. W. Landrum; that he was not only justified, but required by law to deposit said funds in a bank; that the agreed statement of facts shows said deposit was made and main- tained in good faith, believing said bank to be solvent; and that neither he nor his said surety should be held liable on said bond to account for said funds lost solely through a failure of said bank." By cross-bill of exceptions the plaintiffs assigned error on the ground that the judgment awarded interest "from date of filing of suit," insisting that interest should have been allowed from January 1, 1925, the day Landrum's successor took office.

As directly bearing on the questions presented by the main bill of exceptions, we quote as follows from the recent case of *American Surety Company of New York* v. *NeSmith*, 49 *Ga. App.* 40 (174 S. E. 262) : "It is one of the duties of a public official intrusted with public moneys to keep them safely; and this duty of safe custody must be performed at the peril of the official. In effect, according to the weight of authority, a public officer is an insurer of public funds lawfully in his possession, and therefore liable for losses which occur without his fault. He is answerable in all events. The liability is absolute, admitting of no excuse, except perhaps the act of God or the public enemy. . . In most jurisdictions the rule is firmly established that a public official intrusted with the custody of public moneys is personally liable for their loss

through the failure of the bank in which he has deposited them, however careful and prudent he may have been. . . *Wiley* v. *Sparta,* 154 *Ga.* 1 (114 S. E. 45, 25 A. L. R. 1342, note). . . So when a county school superintendent makes a general deposit of the funds of the county board of education in a bank, which are lost an account of the subsequent failure of the bank, he is liable therefor on his official bond as county school superintendent; although he believed the bank solvent at the time of the deposit, and up to the time of its failure it was so regarded and reputed by the public. *Lamb* v. *Dart,* 108 *Ga.* 602 (6) (34 S. E. 160). . . The statute (School Code, Ga. L. 1919, p. 288 et seq.) gives the custody of the school funds of the county to the county school superintendent, and requires that he give an official bond as such. This bond is for the faithful performance of his duties. *Citizens Bank* v. *American Surety Co.,* 174 *Ga.* 852 (164 S. E. 817). The county school superintendent is a public official, and as such is intrusted with the custody of the county school funds; and his failure to pay the same over is not execused by reason of his having deposited them in a bank at the instance and direction of the county board of education, where the bank subsequently fails. The county school funds are turned over to the custody of the superintendent, and not to the board of education; and he, as such officer, is required to give the bond, and not the board of education or members thereof. . . The action in this case arose before the passage of the act of March 16, 1933, . . which provides that 'Neither the principal nor the surety on any bond of any collecting officer or any officer to hold public funds shall be liable for the failure of such officer to account for any public money coming into his hands which he shall have deposited in any designated depository or if the proper authority shall have failed to designate a depository in any bank selected by him, if it be deposited in the name of the public body to which it belongs, or in his own name in his official title, or with his official capacity disclosed, or if the bank receiving the same shall otherwise have notice of the public nature of the deposit, provided said failure to account is attributable solely to the failure or insolvency of such depository.' Ga. L. 1933, pp. 78, 84." The court held: "It follows that the court did not err in overruling defendant's demurrer to the petition, in disallowing defendant's amendment, in sustaining plaintiffs' de-

murrer to a part of defendant's answer, and in directing a verdict for plaintiffs."

Our view is that the rulings in the case just cited control, adversely to the plaintiffs in error, every question presented by the main bill of exceptions. The judgment on the main bill of exceptions is affirmed.

Under the Code of 1933, § 6-901, it is the duty of an appellate court to decide questions made in a cross-bill of exceptions, "if a reversal of the judgment of the court below shall be ordered, or if the effect of the affirmance shall be to leave the case to be again tried in the court below." "If the judgment below does not leave the case to be again tried, then by filing a cross-bill of exceptions a party necessarily, under our system, places himself in the attitude of one who is willing to abide the judgment below if it be undisturbed." *Hammond* v. *Conyers*, 118 *Ga.* 539 (45 S. E. 417). See also *Calhoun Oil & Fertilizer Co.* v. *W. and A. Railroad*, 35 *Ga. App.* 436 (2) (133 S. E. 348); *Farnsworth* v. *McPherson*, 147 *Ga.* 384 (94 S. E. 220). There being no reversal of the judgment, and the effect of the affirmance on the main bill of exceptions not being "to leave the case to be again tried in the court below," the cross-bill of exceptions must be dismissed. Before concluding this branch of the opinion, we deem it not improper to state that the present cross-bill of exceptions specifically states that "the record specified in the main bill of exceptions and approved by the court is full and complete, so that no portion of the record is required to be specified by these defendants;" and therefore that the cross-bill can in no event be dealt with as an independent bill of exceptions. See *Georgia Power Co.* v. *Davis*, 43 *Ga. App.* 791, 795 (160 S. E. 690).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Guerry, J., concur.*