## WHIPPLE v. AMERICAN SURETY CO. OF NEW YORK.

### No. 8258.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1937.

Harley F. Lawson, of Hawkinsville, Ga., for appellant.

T. Baldwin Martin, of Macon, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Lucian A. Whipple became superintendent of schools for Bleckley county, Ga., and applied in writing to American Surety Company to become surety on his official bond, agreeing to "indemnify the Surety against liability, loss, costs, charges, suits, damages, counsel fees, and expenses of whatever nature" sustained by reason of executing the bond. The application stated that Whipple's collections were deposited with Cochran Banking Company and withdrawals were subject to order of board of education. The company signed the bond as surety December 28, 1928, but requested its local agent to have the board of education to pass a resolution designating Cochran Banking Company as depository and instructing the county school superintendent to make his deposits therein. The board passed a resolution designating the Cochran Banking Company as depository. The superintendent deposited school funds in that bank until November 15, 1930, when the bank failed and the funds were lost. The board of education sued the surety alone on the bond, but Whipple was notified of it by the surety and gave evidence in the trial. The surety defended on the ground that the board had required deposit in the bank and could not complain of the loss. The court held that there was no law authorizing a depository and that the bond was liable for the money. The case was taken to the Court of Appeals and affirmed. American Surety Co. v. NeSmith, 49 Ga. App. 40, 174 S.E. 262. The surety paid the judgment and sued Whipple on his contract to indemnify. He contended that the surety had required him to deposit in the bank and must bear the loss; that the surety in defending had failed to call to the court's attention when sued Ga.Code, § 40-1812, which was of force in 1929 and 1930, and which relates to audits of county superintendent's books and contains the words: "All such funds held by officials must be kept in banks separate from their individual bank accounts"; and that the stipulation to keep the funds in a bank was so contrary to public policy as to render the agreement for indemnity illegal and void. The facts as above related were agreed on, and jury waived. The District Judge found Whipple liable to the surety, and Whipple appeals.

Prior to the Act of 1933, Georgia Laws of 1933, page 83, § 6, there was no authority of law for most officers to make general deposit of public money in a bank, and they did so at their own risk, being liable on their bonds for it if thus lost. Compare Hancock County v. Hancock Nat. Bank (C.C.A.) 67 F.(2d) 421; American Surety Co. v. City of Thomasville (C.C.A.) 73 F.2d 584. But it was not unlawful for an officer to deposit it in bank, and they

usually did. If the surety had required Whipple to keep it in the bank, there would have been no illegality in the arrangement, but it would probably not have bound the officer, because he must be free to withdraw it whenever he thought it prudent. Fidelity & Deposit Co. v. Butler, 130 Ga. 225, 60 S.E. 851, 16 L.R.A.(N.S.) 994. But the evidence shows that Whipple had already decided to deposit with Cochran Banking Company when he approached the surety. There was no contract that he should do so, but only his statement that he was doing so. The request by the surety to the board of education to designate that bank as a depository was no contract with Whipple, but an effort to legalize and make safe what Whipple was doing. The effort to create a depository for whose default the bond would not be responsible failed, but we perceive in it no such illegality or breach of public policy as should relieve the principal from his contract and his legal duty to indemnify his surety.

The surety did not pay a debt for which the principal was not bound, or fail to assert any good defense to it. The provision of Ga.Code, § 40-1812, can be understood not as requiring officials to deposit in bank, but as meaning that if they so deposit the account must be separate from their individual accounts. The provision is in the law regarding audits. This interpretation would require only a separate bank account for the public money, which an auditor could more readily follow. It is unlikely that the Legislature by these brief words intended to make of all banks public depositories and relieve the officials of responsibility, with no provision for selecting proper banks or taking security from them. The Court of Appeals held in Landrum v. Thomas, 52 Ga.App. 257, 183 S.E. 140, that the provision did not relieve a county superintendent of his responsibility for deposited money. It would therefore have done no good for the American Surety Company to have urged it in the suit against it. Moreover, it is not claimed that Whipple suggested or requested that it be done. He knew of the suit and participated in it by testifying. Ga.Code, § 103-303, provides as to a payment by a surety: "If the payment was made after judgment, and the principal had notice of the pendency of the suit against the surety, the amount of such judgment shall be conclusive against the principal as to the amount for which the surety was bound."

Judgment was rightly entered against Whipple for what the surety was thus compelled to pay. It is affirmed.