## 33619. LABOON v. THE STATE.

MacIntyre, P. J. 1. "The place where the drunken condition exists is no less essential to the offense [created by Code § 58-608] than the condition itself, drunkenness becoming an indictable offense only when the drunken person appears at some one or more of the places specified in the statute. *Burkes* v. *State,* 7 *Ga. App.* 39 (65 S. E. 1091); *Hutchinson* v. *State,* 8 *Ga. App.* 684 (2) (70 S. E. 63); *James* v. *State,* 28 *Ga. App.* 713 (113 S. E. 26)." *Thomas* v. *State,* 33 *Ga. App.* 134 (125 S. E. 778); and,

2. Where the statute enumerates by name certain specific places where drunkenness is prohibited and concludes with a general term of enlargement, this latter term is construed as being ejusdem generis with the things named. *Grier* v. *State,* 103 *Ga.* 428, 429 (30 S. E. 255); *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412 (49 S. E. 262); *Fleming* v. *Rome,* 130 *Ga.* 383, 386 (61 S. E. 5); *Weatherly* v. *Athens,* 18 *Ga. App.* 734 (2) (90 S. E. 494); *Rowell* v. *Harrell Realty Co.,* 25 *Ga. App.* 585, 587 (103 S. E. 717); *Georgia Power Co.* v. *Davis,* 43 *Ga. App.* 791, 794 (160 S. E. 690); but

3. Where, in an accusation drawn in conformity with the provisions of Code § 58-608, one is charged (omitting the formal parts of the accusation) with the offense of appearing in an intoxicated condition "[1] on a public street and a public highway, to wit: [2] and at a place of public gathering and assembly, to wit: Lyn Reed's Cafe; [3] and within the curtilage of a private residence not in the exclusive possession of said defendant, to wit:" such accusation is not subject to demurrer on the grounds that it sets forth no offense against the laws of the State, in that a cafe is not such a place of public assembly as contemplated by the statute; for,

4. An accusation drawn in conformity with the provisions of Code § 58-608 may charge in the language of such section a violation of that section in all (charging in the conjunctive) or any one of the ways enumerated therein; and, where the accusation charges that the defendant violated the section in three ways, proof of any one of such ways will authorize a conviction, and such an accusation is not subject to general demurrer as setting forth no offense against the laws of the State. *Smith* v. *State,* 62 *Ga. App.* 484 (8 S. E. 2d, 94); *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622); *Thomas* v. *State,* 118 *Ga.* 774 (45 S. E. 622).

5. The videlicet, "to wit," following the first and third portions of the charging part of the accusation is nothing more than surplusage and is to be treated as such.

6. The videlicet, "to wit: Lyn Reed's Cafe," following the second portion of the charging part of the accusation simply particularized the general charge that the defendant appeared in a drunken condition "at a place of public gathering and assembly" and restricted the charge of appearing in a drunken condition in a place of public gathering and assembly to being so in Lyn Reed's Cafe; and as against the demurrer, the videlicet, "to wit: Lyn Reed's Cafe," is to be taken as meaning that Lyn Reed's Cafe falls within the meaning of "a public place of gathering or assembly." *Colbert* v. *State,* 80 *Ga. App.* 641, 647 (56 S. E. 2d, 830).

It follows from the foregoing rules that the trial court did not err in overruling the demurrers to the accusation.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED SEPTEMBER 25, 1951—REHEARING DENIED OCTOBER 18, 1951.

*George L. Goode*, for plaintiff in error.
*Ollie Mae Stowe, Solicitor*, contra.