48372, 48373. TALLEY v. THE STATE (two cases).

DEEN, Judge. The defendant, head of a security corporation which provided guards for places of business, drove into the parking lot of one of its subscriber restaurants with three passengers at about 1:30 a.m. and finding no parking space stopped his automobile on a pedestrian ramp leading from the building. He was asked to move it by a waitress, a guard, and others; he refused, cursed at one or two of the men, and was eventually arrested by police who were called to the scene. Cases were made against him for public drunkenness and carrying a concealed weapon. He appeals from the conviction in each case. *Held:*

1. Evidence to sustain a conviction under Code Ann. § 58-608 must show the defendant was intoxicated, was in a public place (among others), and manifested his condition by, among other things, "vulgar, profane or unbecoming language." A restaurant which issues an implied invitation to members of the public is such a place. *Laboon v. State,* 84 Ga. App. 784 (67 SE2d 149). Several witnesses testified that in their opinion the defendant was intoxicated, basing this conclusion on the fact that he walked unsteadily, smelled strongly of alcohol, refused to remove his vehicle from a pedestrian ramp when requested to do so, and called various people opprobrious names. The evidence was sufficient to show each element of the offense of public drunkenness. *Grier v. State,* 72 Ga. App. 633 (3) (34 SE2d 642); *Brinson v. State,* 28 Ga. App. 482 (111 SE 738).

2. As to the remaining charge, the defendant proved that he had a license to carry the pistol found on him when he was arrested and searched; that he had a police permit from the City of Hapeville as owner, investigator and employee of Custom International Security, Inc., and that he had been certified by the Fulton County sheriff as a "special deputy sheriff." The police permit was pursuant to a Hapeville ordinance relating to licensing of private detectives and provided specifically that the license did not authorize the carrying of a pistol, this being controlled by State laws. Since there is no provision of law (except in certain counties in relation to tax matters; Ga. L. 1945 p. 1152) for "special" deputy sheriffs, and since deputy sheriffs appointed by sheriffs under the provisions of Code § 24-2811 are county employees, paid by the county and bonded, which the defendant was not, the card entitling him a "special deputy sheriff" was honorary in nature. Whatever privileges it carried with it, it did not constitute the defendant a peace officer under Code Ann. § 26-2907. Leaving out emergency and other special situations, a peace officer is usually one who, in the language of the Peace Officers Standards Act (Ga. L. 1970, pp. 208, 209, Sec. 2 (d)) is a person "employed full time by the Department of Public Safety, a municipality or a county, who has the power of arrest, and who is responsible for the enforcing of criminal laws of this state or its political subdivisions." We need make no ruling here on whether even a sheriff may lawfully carry his weapon concealed; suffice it to say that a private detective or security guard, even though given the courtesy of a card labeling him a "special" deputy sheriff, has no right to carry a concealed

weapon. The exemptions stated in Code Ann. § 26-2907 appertain only to certain persons employed by the government and its subdivisions, and then only when engaged in the pursuit of official duty or otherwise specifically authorized by law to do so. The defendant here was not employed by any governmental agency and was not even in the course of his private security business, but came on the premises of a public restaurant for the purpose of ordering an early morning breakfast. He had no more right to carry a concealed weapon than any other citizen. The court properly overruled his motion for acquittal.

3. The defendant was not employed by the City of Hapeville. Whether or not, in the course of acquiring his private detective's license, he took the oath required by the Hapeville police department of its detective force members was entirely irrelevant.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JULY 3, 1973 — DECIDED JULY 13, 1973 —
REHEARING DENIED JULY 25, 1973 — 

*Preston L. Holland,* for appellant.
*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers,* for appellee.