## 54605. JOHNSON v. THE STATE.

McMURRAY, Judge.

The defendant in this drug case was arrested for violation of a city ordinance. A custodial search of defendant's person revealed a quantity of cocaine. Subsequently, defendant was indicted and convicted of a violation of the Georgia Controlled Substances Act. The sole issue raised on this appeal is whether there was probable cause for the original arrest for violation of the city ordinance. *Held:*

Defendant was arrested for violation of § 20-40 (i) of the 1965 Code of Ordinances of the City of Atlanta, as amended. This ordinance provides: "It shall be unlawful for any person within the corporate limits of the City of Atlanta to violate any of the following subsections of this section: . . . (i) Any person who shall use 'fighting words' directed towards any person who becomes outraged and thus creates a turmoil, . . ." This ordinance is narrowly drawn to apply only to a constitutionally unprotected class of words — "fighting words" — "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." Chaplinsky v. New Hampshire, 315 U. S. 568, 572 (62 SC 766, 86 LE 1031).

Defendant argues that there is no evidence that he uttered any "fighting words" and that consequently there was no probable cause for his arrest. In determining whether probable cause for the arrest existed we may consider the evidence adduced at trial as well as that adduced at the pre-trial hearing upon defendant's motion to suppress. *Sanders v. State,* 235 Ga. 425, 431-432 (219 SE2d 768).

The state's evidence was that three police officers were conducting a foot patrol of a high crime area on Auburn Avenue in Atlanta. It was about midnight when Ms. Paige, a female officer, noticed defendant and a female companion standing in the shadows in an alley off Auburn Avenue. Officer Paige asked them what their business was there, and defendant responded that he was a jewelry peddler. When asked to show his peddler's license, defendant stated to Officer Paige, "I don't give a damn about you. I don't respect any m——f—— women,

especially policewomen."[1] Defendant, whose tone was loud and abusive, also called Officer Paige a "bitch." The officer testified that the defendant "was speaking in such a loud voice, abusive tone to me people were coming out of Henry's Grill, they were coming from across the street in a place they call The Pub. People were gathering on the street to see what the trouble was." Officer Paige testified that she was outraged by these words spoken to her. The trial court did not err in concluding that these words were more than merely a display of male chauvinism, but were in fact "fighting words." The officer having probable cause to believe that an offense was being committed in her presence was authorized to arrest the defendant without a warrant. See Code § 27-207 (Ga. L. 1975, p. 1209).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1977 — DECIDED NOVEMBER 10, 1977.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.

---

[1] Abbreviation used here in lieu of the words uttered by defendant implying incestuous conduct.