56829. BOLDEN et al. v. THE STATE.
56835. TAYLOR v. THE STATE.

Deen, Presiding Judge.

Evonia Bolden and Winiford Taylor were tried by a jury for inciting a riot and using abusive and opprobrious language. They were convicted of the latter offense and each defendant received a twelve-month sentence. They bring this appeal from the trial court's denial of their motions for a new trial.

1. As there was no objection raised at trial to the arresting officer's testimony that the language used by the women was abusive and obscene, there is nothing for this court to review. *Jackson v. State,* 145 Ga. App. 526 (244 SE2d 49) (1978). At any rate, this issue was not removed from jury consideration as the defendants contend; the jury was charged that it was to determine whether the defendants were guilty of using abusive and opprobrious language.

2. It was not error for the trial court to deny defendant's motion for a directed verdict of acquittal. Code Ann. § 26-2610 (a) provides that a person is guilty of a misdemeanor if "[w]ithout provocation, uses to or of another, in his presence, opprobrious or abusive words which by their very utterance tend to incite an immediate breach of the peace; that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence,

naturally tend to provoke violent resentment, that is, words commonly called fighting words." Defendants argue that the police officer's testimony that the language used by the women did not make him angry, and that their acquittal of the charge of inciting a riot shows that there was no threat or tendency of an immediate breach of peace.

While the United States Supreme Court has limited abusive and obscene language prohibition to "fighting words," and defines them as "words which by their very utterance inflict injury or tend to incite an immediate breach of the peace," Chaplinsky v. New Hampshire, 315 U. S. 568 (2) (62 SE 766, 86 LE 1031) (1942), this test has not been interpreted to mean that the state must prove the effect of the words upon a particular individual; that is, whether the individual to whom the words were addressed was incited to action by their utterance. Code Ann. § 26-2610 (a) makes no distinction between the types of persons to whom the words are uttered. The fact that a policeman admits that he is used to hearing obscene language during the performance of his duties is not a defense available to the defendant under this code section. The jury is only required to determine that the words uttered were those, "which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence," naturally tend to provoke a violent response. The acquittal of the defendants on the charge of inciting a riot does not mean that the jury could not also find that the words uttered by the defendants were of the type which tend to provoke a violent response.

3. In the absence of a written request to charge, it was not error for the trial court to fail to charge the jury that the alleged victim was a police officer and that they should consider the conduct of the officer as well as his words in determining provocation. See *Stonaker v. State,* 236 Ga. 1 (222 SE2d 354) (1976).

4. There was ample evidence to support the jury verdict. The arresting officer testified that the women called him a "son of a bitch," "mother fucker," "pig," "motherfucking pig" a "bastard."

5. A sentence is not unconstitutionally cruel and

unusual if it is within the statutory limit. *Bearden v. State of Ga.,* 122 Ga. App. 25 (176 SE2d 243) (1977). This court is without authority to review sentences within the statutory range. *Jackson v. State,* 142 Ga. App. 565 (236 SE2d 549) (1977).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED DECEMBER 1, 1978.

*W. Lance Smith, III, Edward M. Hughes,* for appellants (Case No. 56829).

*W. Lance Smith, III, Edward M. Hughes,* for appellant (Case No. 56835).

*Andrew J. Ryan, III, District Attorney, William A. Dowell, Assistant District Attorney,* for appellee.