## 65768. BROOKS v. THE STATE.
## 65769. JOHNSON v. THE STATE.

SOGNIER, Judge.

In a joint trial Brooks was convicted of simple assault and Johnson was convicted of obstructing a law enforcement officer in the discharge of his official duty. They appeal on the general grounds.

Brooks and Johnson were part of a small group carrying a banner down Peachtree Street in Atlanta, Georgia, claiming that the conviction of Wayne Williams for the murder of two children was a police cover-up. It was the evening rush hour and the group was partially blocking the sidewalk in front of the main MARTA train station. R. R. Glasgow, a police officer on duty in the area, approached the group to request that they move to one side of the walk so they would not obstruct pedestrian traffic. As Glasgow approached, Brooks started shouting that "[a]ll cops are dogs"; pointing his finger at Glasgow, Brooks yelled: "Like this man right here . . . This man here is a dog." Glasgow then told Brooks that he was under arrest and grabbed him by the arm. Brooks jerked his arm away and Glasgow radioed for assistance; Glasgow then grabbed Brooks, who started swinging his arms wildly at Glasgow. At this point appellant Johnson bumped Glasgow's back and grabbed his arm to prevent Glasgow from arresting Brooks. Other police arrived on the scene and after a slight scuffle Brooks and Johnson were handcuffed and arrested.

Because both appellants were acquitted of a charge of using opprobrious and abusive language, they contend that Glasgow's attempt to arrest Brooks for that offense was illegal. Thus, argue appellants, Brooks was authorized to resist arrest by committing the simple assault on Glasgow, and Johnson was authorized to come to Brooks' assistance.

OCGA § 16-11-39 (Code Ann. § 26-2610) provides: "A person who commits any of the following acts commits a misdemeanor: (1) Without provocation, uses to or of another, in his presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence, naturally tend to provoke violent resentment, that is, words commonly called 'fighting words'; . . ." There is no question that appellant Brooks' utterance of the words in question was without provocation and that they were spoken in Officer Glasgow's presence. Thus, we must determine first whether the words used constituted "fighting words" within the meaning of the Code, for the United States Supreme Court

has limited the prohibition against use of abusive and obscene words to "fighting words." Chaplinsky v. New Hampshire, 315 U. S. 568, 571-572 (2) (62 SC 766, 86 LE 1031). In that case the court stated that "it is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include . . . the insulting or 'fighting' words — those which by their very utterance . . . tend to incite an immediate breach of the peace."

In discussing the test laid down in Chaplinsky this court stated that "this test has not been interpreted to mean that the state must prove the effect of the words upon a particular individual; that is, whether the individual to whom the words were addressed was incited to action by their utterance. [OCGA § 16-11-39 (1) (Code Ann. § 26-2610)] makes no distinction between the types of persons to whom the words are uttered. The fact that a policeman admits that he is used to hearing obscene language during the performance of his duties is not a defense available to the defendant under this code section." *Bolden v. State,* 148 Ga. App. 315, 316 (2) (251 SE2d 165) (1978). Applying these tests to the instant case we find that pointing to Officer Glasgow and yelling to a large crowd of 150 to 200 people that "[t]his man here is a dog" is the type of language commonly called "fighting words" which "naturally tend to provoke violent resentment." See in this regard *Johnson v. State,* 143 Ga. App. 826 (240 SE2d 207) (1977), where we held that appellant's loud and abusive use of obscene and insulting language to a policewoman, thereby attracting a crowd of people, constituted "fighting words." Our conclusion is supported by Cantwell v. Connecticut, 310 U. S. 296, 309-310 (60 SC 900, 84 LE 1213), in which the United States Supreme Court held: "Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument."

Having concluded that Brooks' utterances constituted "fighting words" we now turn to appellants' contention that because they were acquitted of the charge of using opprobrious and abusive language their arrest was illegal, thereby entitling them to resist arrest. OCGA § 17-4-20 (Code Ann. § 27-207) provides that an arrest may be made by a law enforcement officer without a warrant if an offense is committed in his presence. The constitutional validity of an arrest without a warrant depends upon whether the arresting officer had probable cause to believe the defendant was committing, or had committed, an offense in the officer's presence. Beck v. Ohio, 379 U.

S. 89, 91 (85 SC 223, 13 LE2d 142). Further, there is a great difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest. Draper v. United States, 358 U. S. 307, 311-312 (79 SC 329, 3 LE2d 327).

Under the circumstances of this case we find that Officer Glasgow had probable cause to believe that an offense was being committed in his presence, and therefore, he was authorized to arrest Brooks without a warrant. *Johnson,* supra. The fact that appellants were found not guilty of the charge of using opprobrious and abusive language is immaterial as to the legality of the arrest, because "[i]t is not necessary that the accused be found guilty, for the arrest may still be lawful." *Barlow v. State,* 145 Ga. App. 93 (243 SE2d 328) (1978); *Evans v. State,* 151 Ga. App. 885, 886 (2) (262 SE2d 199) (1979). Since the arrest was lawful, the evidence was more than sufficient to meet the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 20, 1983.

*Kenneth R. Croy,* for appellants.
*James L. Webb, Solicitor, Deborah S. Greene, Assistant Solicitor,* for appellee.