### 68175. MINTER v. THE STATE.

Pope, Judge.

After a trial by jury, appellant was convicted of two counts of forgery in the first degree.

1. Appellant enumerates as error the trial court's denial of his motion for directed verdict of acquittal made at the close of the State's evidence. OCGA § 16-9-1 (a) provides: "A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, *or* possesses any writing in a fictitious name

or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." (Emphasis supplied.) Appellant argues that the State failed to prove all the allegations of the indictment as laid because it charged that he did "unlawfully and with intent to defraud, knowingly *make and possess . . .* and did utter and deliver" the two forged checks which were the subject of the indictment. (Emphasis supplied.) The State's failure to produce evidence to show that he *made* the checks, according to appellant's contentions, constitutes a fatal variance between the allegata and the probata. We disagree.

"This is not a case where the indictment stated the offense with unnecessary particularity as was the situation in *Hightower v. State,* [39 Ga. App. 674 (148 SE 300) (1929)]. Rather, the indictment described two separate ways in which the crime could be committed; proof of either would constitute the crime with which the appellant was charged. 'When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. (Cits.) Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them.' *Jones v. State,* 75 Ga. App. 610 (4) (44 SE2d 174) [(1947)]." *Leverenz v. State,* 140 Ga. App. 632, 634 (231 SE2d 513) (1976). Accord *Henry v. State,* 154 Ga. App. 120 (1) (267 SE2d 653) (1980); *Vann v. State,* 153 Ga. App. 710 (2) (266 SE2d 349) (1980). See also *Wiley v. State,* 150 Ga. App. 607 (3) (258 SE2d 286) (1979). The cases of *Robinson v. State,* 152 Ga. App. 296 (262 SE2d 577) (1979) and *Hamby v. State,* 76 Ga. App. 549 (46 SE2d 615) (1948), are factually distinguishable and inapplicable to the issue raised in this enumeration. Inasmuch as the State produced evidence of appellant's unlawful possession, endorsement, and cashing of the subject checks, the trial court's denial of his motion for directed verdict of acquittal was not error.

2. Appellant next raises the general grounds. The State produced evidence to show the following: In February 1983 the home of Mr. and Mrs. Bobby L. Smith near Carrollton was burglarized. Among the items stolen were checks on an account which had been closed by the Smiths in January 1983. Using his own name, appellant endorsed two of the checks and cashed them at convenience stores located in and around Carrollton in May 1983. False telephone numbers were also

provided by appellant along with his endorsement. Claiming that he thought they were good, appellant admitted passing the checks, but he was not sure how he came into possession of each one. The Smiths testified that they did not know appellant nor did they ever authorize him or anyone else to make or possess the checks at issue.

"The weight of the evidence and credibility of witnesses are for the jury's determination." *Painter v. State*, 159 Ga. App. 479 (1) (283 SE2d 695) (1981). "The evidence is ample to convince a rational trier of fact of the guilt of the accused." *Banks v. State*, 162 Ga. App. 205, 206 (290 SE2d 549) (1982).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 3, 1984.

*T. Christopher Pyles*, for appellant.

*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney*, for appellee.