## 41147. DINNAN v. THE STATE.
(320 SE2d 180)

WELTNER, Justice.

Dinnan was convicted of using opprobrious words to police officers. No one other than officers at the scene of the disturbance — which became the scene of Dinnan's arrest — could have been considered as the object of his address, which was a crude emphasis of his assertion that officers had arrested the wrong man.

The legislative purpose of OCGA § 16-11-39 (1), under which he was convicted, is to proscribe the use of "fighting words," and thus prevent breach of the peace. *Williamson v. State,* 249 Ga. 851 (295 SE2d 305) (1982).

The statute specifies that words must be spoken "to or of another, in his presence. . . ." The trial court instructed the jury that a person could be found guilty "if, without provocation, he uses to, or of another, *or* in his presence opprobrious or abusive words." (Emphasis supplied.)

The insertion by the trial court of the word "or" substantially skews the thrust of the Code section. By inserting the disjunctive, "or," into the language of the statute, the court thereby instructed the jury that it would be authorized to convict for words spoken "of another, or in his presence" — which means that "fighting words," whispered by a man in the solitude of his own home, would be a crime.

Thus, the case must be reversed.

*Judgment reversed. All the Justices concur, except Gregory and Bell, JJ., who dissent.*

DECIDED SEPTEMBER 26, 1984.

*John K. Larkins, Jr.,* for appellant.
*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor,* for appellee.