### 71421. CHAVIS v. THE STATE.
(341 SE2d 907)

CARLEY, Judge.

Appellant and her co-defendant were jointly indicted and tried before a jury for forgery in the first degree. Of the various ways in which it is possible for the crime of first degree forgery to be committed, the indictment alleged that the two defendants had possessed, with unlawful intent, a forged check which they then delivered for payment. See OCGA § 16-9-1 (a). The evidence adduced at trial on behalf of the State showed that a blank check had been stolen from a checkbook belonging to Ms. Teresa Scruggs. The theft apparently occurred during the period that Ms. Scruggs was providing appellant with transportation to her job. The check had been cashed over the forged signature of Ms. Scruggs and with the co-defendant as the payee. The endorsement on the back purported to be the co-defendant's signature. Ms. Scruggs testified that she did not know the co-defendant. The evidence further established that when the check was cashed at the drive-in window of a bank, the co-defendant had been a passenger in an automobile being driven by appellant. Expert witnesses for the State testified that it was not appellant's handwriting that appeared on either the face or the back of the check but that her fingerprints were on it. The State's expert witnesses also testified that the co-defendant's handwriting did not appear on the face of the check but that the endorsement on the back was in fact his signature.

The evidence on behalf of the co-defendant showed that he was

"mildly mentally handicapped" and "easily influenced, especially by people [he] consider[ed] [his] friends." The co-defendant admitted that he had endorsed the check but only because he had been "set up" by appellant. According to the co-defendant, appellant had told him that "she had a check from her mother that she needed to cash, but she didn't have no I. D." Because he did have identification and thought that he "was doing [appellant] a favor," the co-defendant testified that he had endorsed the back of the check with his own signature. He did not look at the front of the check. Therefore, the co-defendant stated that he had not seen that it was made payable to him and had been drawn on Ms. Scruggs' account. The overall tenor of the co-defendant's testimony did evince a belief on his part that the act of cashing of a check was dependent merely upon the casher's possession of his own personal identification and that the named payee on its face was an irrelevant factor.

Appellant testified in her defense that she had merely driven the co-defendant to the bank to cash his employment check because he did not own a car. She denied any personal knowledge of the theft and the cashing of the check belonging to Ms. Scruggs. According to appellant, her sole connection with the check was the act of taking it from the hands of appellant and passing it to the drive-in teller.

On this evidence, the jury found appellant guilty and her co-defendant not guilty. Appellant's motion for new trial was denied and she appeals from the judgment of conviction and sentence entered on the jury verdict.

Only one issue is raised on appeal. Appellant sought the admission into evidence of her own handwriting samples which had been sent to the State Crime Lab and from which the State's expert had reached the conclusion that appellant's handwriting did not appear anywhere on the check. However, counsel for the co-defendant objected to the admission of these handwriting samples, contending that appellant had not complied with the "mandatory" provisions of OCGA § 24-7-7 regarding the pre-trial submission of handwriting exemplars to the "adverse party." See generally *Painter v. State*, 159 Ga. App. 479, 480 (4) (283 SE2d 695) (1981). The trial court held that OCGA § 24-7-7 was applicable, that the co-defendant was an "opposite party" under the facts of the instant case, and that appellant, having failed to submit the handwriting samples to the co-defendant in a timely fashion, could not introduce them into evidence. It is this exclusion of her handwriting exemplars that appellant enumerates as error. Appellant urges that OCGA § 24-7-7 can have no application as between co-defendants in a criminal case or, at least, would have no application as between herself and her co-defendant.

OCGA § 24-7-7 provides: "Other writings proved or acknowledged to be genuine may be admitted in evidence for the *purpose of*

*comparison* by the jury. Such other papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial." (Emphasis supplied.) Thus, "[w]here the signature to a note sued on is attacked on the ground that it is a forgery, an admittedly genuine signature of the person purporting to have signed the note is admissible for the *purpose of comparison,* and to aid in the *determination of the issue as to the genuineness of the signature in dispute,* and the jury can make a physical inspection of both the genuine signature and the one in dispute. [Cit.]" (Emphasis supplied.) *Wilson v. Barnard,* 10 Ga. App. 98, 99 (3) (72 SE 943) (1911). "Where an issue of forgery is before the jury for trial, . . . papers containing *the signature of the alleged signer of the instrument* [may be] offered in evidence. . . ." (Emphasis supplied.) *Hickman v. Bell,* 10 Ga. App. 319, 320 (3) (73 SE 596) (1912). *"Where there is an issue as to the genuineness of a signature,* other writings, proved or acknowledged to be genuine, are properly admitted *for comparison by the jury,* and it is their province to determine the issue." (Emphasis supplied.) *Gibson v. Gibson,* 54 Ga. App. 187 (2) (187 SE 155) (1936).

In the instant case, there was no jury issue as to the genuineness of *any* handwriting. The undisputed evidence was that appellant's own handwriting appeared nowhere on the check and that only the endorsement on the back was in the co-defendant's handwriting. Accordingly, the excluded exemplars were clearly not relevant as to any *disputed* issue regarding appellant's handwriting. Under the allegations of the indictment as well as under the undisputed evidence, the actual making of a forged writing was not an ultimate basis upon which a guilty verdict could be returned. The two defendants were indicted for their *possession,* with unlawful intent, of such a writing which they then delivered. See generally *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978). Compare *Minter v. State,* 170 Ga. App. 801 (318 SE2d 226) (1984).

Since, under the indictment and undisputed evidence, appellant's handwriting was not and could not be an ultimate legal basis for a finding of her guilt for forgery, the trial court's ruling did not result in the exclusion of any evidence of a materially exculpatory nature. "If evidence is offered to prove a fact not in issue, the evidence is then properly said to be immaterial. [Cit.]" *MacNerland v. Johnson,* 137 Ga. App. 541, 542 (224 SE2d 431) (1976). To the extent that the exemplars might tangentially serve to distance appellant from the forged check, they were merely cumulative of such oral testimony as was already before the jury. "Since no one at trial disputed the fact that [appellant's handwriting did not appear on the check] and since oral testimony as to what the [exemplars demonstrated] was admitted, the court's failure to admit [them] into evidence does not consti-

tute reversible error. [Cits.]" *Wilson v. State*, 151 Ga. App. 501, 503 (4) (260 SE2d 527) (1979).

Accordingly, we need not make a final definitive ruling with regard to either the applicability of OCGA § 24-7-7 as between co-defendants generally or even as between the instant co-defendants in specific. Assuming either the general or limited inapplicability of that statute and the trial court's erroneous ruling to the contrary, the exclusion of the exemplars would nonetheless constitute, at most, harmless error under the existing circumstances.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 25, 1986.

*I. Kenneth Dious*, for appellant.
*Harry N. Gordon, District Attorney, Kenneth W. Mauldin, Assistant District Attorney*, for appellee.