## 72741. CLARK v. THE STATE.

(348 SE2d 916)

BIRDSONG, Presiding Judge.

The defendant, Wayde Clark, appeals from his conviction of two counts of simple battery and one count of criminal trespass. On the evening of October 10, 1984, Officer J. N. Wood, of the City of Atlanta Police Department, received a radio call to meet Ms. Margaret Willoughby at a certain location. She told him Wayde Clark was her boyfriend and they had an argument and he had beat her and pulled a knife. She wanted to press charges because Clark had told her he was going to damage her apartment and her personal property. They proceeded to her apartment and she pointed out Clark who was talking to three other people. Officer Wood testified that he walked up to Clark and asked him if his name was "Wayde," and he said "no" and started walking away. The officer asked Clark to stop because Ms. Willoughby had told him Clark had a knife and he wanted to make a search. He told Clark to place his hands on a car and started a patdown search. Clark moved his hands from the car. This was repeated three times. Officer Wood said he placed him under arrest "the third time trying to search him, he came off the car trying to strike me." Clark was handcuffed and placed in the back seat of the patrol car and Wood started to write up his report. Clark kicked out the left rear window of the patrol car and Officer Wood radioed for assistance. The police paddy wagon and three other officers responded. Clark testified that the officers told him to come out of the car but he told them to come in and get him. The officers physically removed Clark from the patrol car and placed him in the paddy wagon. Only two officers testified, but they stated that Clark hit and kicked them during this transfer.

Clark testified that he did not beat up Willoughby and Officer Wood first approached another man and asked him if he was "Wayne Clark." He volunteered that he was Wayde Clark and the officer started to search him and kicked his feet out from under him. He said he did not resist arrest and did not have a weapon. Clark appeals

from a jury verdict of guilty and judgment entered on that verdict. *Held*:

1. The trial court did not err in denying a motion for a directed verdict. A directed verdict is proper only when there is no conflict in the evidence and the evidence introduced, with all reasonable deductions and inferences, shall demand a verdict of acquittal. OCGA § 17-9-1. Clark admitted he kicked out the window of the police car and both officers testified that defendant hit and struck them several times when they were transferring him from the patrol car to the paddy wagon.

On appeal the test to be applied to determine whether the trial court erred in denying a motion for a directed verdict is that of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), i.e., whether the evidence is sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). The evidence was in conflict, but the evidence in support of the verdict of the jury was sufficient to enable a rational trier of fact to find the offenses of battery and criminal trespass were established beyond a reasonable doubt. Hence, the trial court did not err in denying defendant's motion for a directed verdict of acquittal.

2. Defendant enumerates as error, "failing to grant a mistrial to the defendant." "This enumeration is non-specific and too general for an appellate court to discern the specific error enumerated. Enumerations 'should specifically and definitely set out the error complained of so that this court will not be compelled to grope in ascertaining what the error is. . . .' " *Haywood v. Wooden Peg*, 174 Ga. App. 806 (1) (331 SE2d 109). However, it is apparent from the brief that the error complained of was "[t]he state's attorney improperly testif[ying] as to the contents of a document from the Municipal Court of Atlanta." Hence, we will consider the allegation of error. See OCGA § 5-6-48 (f).

At trial, the defendant testified that he appeared in municipal court on these charges and "the judge dismissed the four simple battery charges and said he was going to bind the criminal trespassing over. . . ." On cross-examination, the prosecutor asked him if he said the trial judge in the municipal court "did not bind over . . . four counts of simple battery. . . ." The defendant answered: "That's right. MR. MILLER: Your Honor, at this time I would like to tender into evidence a bind-over sheet from Municipal Court of Atlanta. The Defendant was bound over on the criminal trespass and four counts ——" Counsel for defendant objected and a bench conference was held but not recorded. No further mention was made of the "bind-over sheet" of the municipal court at that time. At a later point in the trial, counsel made a motion for mistrial on the basis that "Mr. Miller

told the jury that he had a document that was never identified." The motion was denied. Following closing arguments, after the jury had retired, the court perfected the record to show that on the prior afternoon he had charged the jury "to disregard any mention of anything that they heard about a bind-over from the City of Atlanta Court . . . to totally disregard anything they had heard about any bind-over. . . ."

First, we note that the objection made in the trial court ("Mr. Miller told the jury that he had a document that was never identified") is not the error enumerated on appeal ("[t]he state's attorney improperly testified as to the contents of a document from the Municipal Court of Atlanta"). Where the objection urged below is not argued on appeal, it will be treated as abandoned, and where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court. *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (275 SE2d 142). "The . . . rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching, shifting." *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686); accord *Sumners v. State*, 137 Ga. App. 493, 494 (224 SE2d 126); *Sanders v. State*, 134 Ga. App. 825, 826 (216 SE2d 371).

We find no reversible error for several reasons. First, the specific error argued on appeal was not raised at trial calling for a ruling and need not be considered by this court. *Sumners*, supra; *Sanders*, supra. Secondly, in view of the judge's instructions to the jury to disregard the evidence, the error, if any, is harmless. *Lingerfelt v. State*, 238 Ga. 355, 360 (233 SE2d 356). Lastly, we find that it is highly probable the reference to a "bind-over" sheet relating to offenses for which an accused is on trial did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869).

3. The trial court's charge on OCGA § 17-4-20 (a), authorization for arrests — with and without warrants, is enumerated as error. Defendant argued that "the defendant was subjected to an illegal arrest." The charge of the code section included references to an arrest with or without a warrant and whether "the officer has probable cause to believe that an act of family violence, as defined in Code Section 19-13-1, has been committed, or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant."

The officer involved in the arrest of the defendant had been officially dispatched to speak to Ms. Willoughby, and she had related to him that she had been beaten by the defendant and he had "pulled a knife." They lived together in the same apartment and she said defendant "stated to her that he was going to her apartment, was going

to throw her clothes out and was going to wait there for her." Probable cause to make a warrantless arrest exists where the facts and circumstances within the officers' knowledge, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Carroll v. United States*, 267 U. S. 132, 162 (45 SC 280, 69 LE 543); *Quinn v. State*, 132 Ga. App. 395 (1) (208 SE2d 263). A failure of justice may occur if the suspect is mobile and is leaving the area, as in the instant case. *Williams v. State*, 166 Ga. App. 798 (1) (305 SE2d 489). Based upon the statement of Willoughby, this was a domestic argument, involving two persons living in the same household, and she had a battery committed upon her person. These facts fall within the parameters of OCGA § 19-13-1 and authorized the officer to make a "Terry type" stop of the suspect to discuss the allegations made by Ms. Willoughby. *Brooker v. State*, 164 Ga. App. 775, 776 (298 SE2d 48). The officer had been informed that Clark possessed a knife. A protective pat-down is permissible where the officer has reasonable apprehension the person is armed or dangerous. *Radowick v. State*, 145 Ga. App. 231, 237 (244 SE2d 346). During the pat-down in the instant case, the defendant attempted to strike the officer. The ensuing arrest was authorized and the trial court did not err in charging the jury on the permissible bases for a warrantless arrest.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1986.

*Joe A. Weeks*, for appellant.
*James L. Webb, Solicitor, Norman R. Miller, Assistant Solicitor*, for appellee.