## 74615. DAVENPORT v. THE STATE.
### (361 SE2d 219)

BIRDSONG, Chief Judge.

Renita Davenport was convicted of abusive and obscene language. See OCGA § 16-11-39. She was sentenced to twelve months suspended upon the payment of a $150 fine. She brings this appeal enumerating as the sole error the denial of her motion for a directed verdict of acquittal. *Held*:

In substance Ms. Davenport does not dispute the sufficiency of the evidence to show she uttered abusive and obscene language in a dispute with a security guard in a K-Mart store. In fact, the evidence is compelling that she did in fact use opprobrious language. In its accusation, the State alleged that Ms. Davenport used such language to *and of* the security officer. It is clear that Ms. Davenport did not use opprobrious language or epithets concerning the officer but it equally is clear that by her language and actions to him she invoked violence against herself and provoked passions in bystanders.

We first recognize that there are well defined and narrowly limited classes of speech which may be prevented and punished if used and if punished raise no constitutional problem. *Chaplinsky v. New Hampshire*, 315 U. S. 568, 571-572 (62 SC 766, 86 LE 1031). One such class of speech pertains to insulting or fighting words, those by which their very utterance tend to incite an immediate breach of the peace. In determining if words uttered are such as to incite an immediate breach of the peace, it is not necessary that the State prove the

effect of the words upon a particular individual; that is, whether the individual to whom the words were addressed or in whose presence the words were spoken was incited to hostile action. OCGA § 16-11-39 (1) makes no distinction between the types of persons to whom the words are uttered. Moreover, the fact that the addressee admits he is used to hearing this type of language is not a defense. *Bolden v. State*, 148 Ga. App. 315, 316 (2) (251 SE2d 165). Applying these tests to the case sub judice, the words used were likely to and did provoke violence and raised hostility in the minds of other customers in the store. This reaction meets the test required to sustain a conclusion the words were indeed "fighting" words. See *Johnson v. State*, 143 Ga. App. 826 (240 SE2d 207). See also *Brooks v. State*, 166 Ga. App. 704, 705 (305 SE2d 436).

The fact that the accusation was phrased in the conjunctive and the trial court charged in the language of the statute does not necessarily create confusion in the mind of the jury nor allow conviction of a crime not charged. See *Minter v. State*, 170 Ga. App. 801, 802 (318 SE2d 226). The accusation charged Ms. Davenport with using "fighting" words to the security officer, proved such words caused a disturbance and that there was no adequate provocation for the use of those words. The fact that the accusation also expressed in the language of the statute that Ms. Davenport spoke such words "of" him, did not harm appellant on grounds there was no evidence to support the commission of the offense in that manner but there was evidence to support the allegation of fighting words to the officer. See *Laboon v. State*, 84 Ga. App. 784 (4) (67 SE2d 149). We are not faced in this case with the situation of a particular and limited form of a crime being alleged but the charge of the court allows a jury to consider the evidence to convict of a crime not charged. See *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206). Nor are we faced with the situation as in *Dinnan v. State*, 253 Ga. 334 (320 SE2d 180) where the charge of the court authorized the conviction of provoking language without regard as to location or circumstances in which the language occurred.

The grant of motion for directed verdict of acquittal is proper only in those cases where there is no conflict of fact and the evidence demands a verdict of not guilty. There is no ground or basis for such a verdict in this case. See *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436); *Clark v. State*, 180 Ga. App. 280, 281 (1) (348 SE2d 916). Though the evidence was in conflict, the evidence in support of the conviction was sufficient to enable a rational trier of fact to find guilt of provoking words beyond reasonable doubt. *Jackson v. Virginia*, 433 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, I articulate and advance additional aspects:

Justice Murphy set forth three categories of unprotected speech concerning which prevention and punishment may ensue without posing constitutional problems: "These include [1] the lewd and obscene, the profane, [2] the libelous, [3] and the insulting or 'fighting words' — those which by their very utterance inflict injury *or* tend to incite an immediate breach of the peace." (Emphasis supplied). *Chaplinsky v. New Hampshire*, 315 U. S. 568 (62 SC 766, 86 LE2d 1031) (1942). Note that Justice Murphy used the word "or," the disjunctive, in his summary. It is clear he is saying that certain words are not protected in categories [1] and [2], as they inflict injury by their very utterance. After the use of the word "or," he then addresses category [3] pertaining to fighting words, as those tending to incite an immediate breach of peace.

The precise question we have to decide in this case is whether the words uttered by appellant to and about a certain security guard are proscribed by, and fall within, any of the three listed prohibited areas: " 'I don't want the son of a bitch,' 'give me my goddamn sweater,' 'get out of my mother fucking way,' 'I'm not going no goddamn where!' " I would concur and agree that these words are obscene in that they inflict injury. As Justice Murphy, who was a champion of the First Amendment, pointed out, these words are not an essential part of any exposition of ideas, and are only of slight value so as to be outweighed by social interest in order and morality; therefore, they are unprotected in category [1]. However, these words as uttered do not seem, at first blush, to be prohibited within category [3] as they were not spoken or addressed in a personal or derogatory way to the officer. Compare *Brooks v. State*, 166 Ga. App. 704 (305 SE2d 436) (1983) where the officer was called "a dog," and *Johnson v. State*, 143 Ga. App. 826 (240 SE2d 207) (1977), where the female officer was labeled "a bitch." The court, in these two cases, found these utterances to be fighting words. In the instant case, appellant also struck the officer's body. Therefore, in the context of the situation, the words combined with the body-blow fit category [3].

The words, "fk the draft," *Cohen v. California*, 403 U. S. 15 (91 SC 1780, 29 LE2d 284) (1971), have been adjudicated not to be prohibited as obscene because they also were not fighting words (category [3]). It appears to this writer that the words in *Cohen* should have been considered obscene under the first category, but the court there ignored, for whatever reason, that possibility. See also "Have a nice day fk somebody." Professor Jules B. Gerard, "May Society Preserve a Modicum of Decorum in Public Discourse?" Benchmark, Vol. II, Nos. 5 & 6, p. 244.

Georgia apparently does not have an obscenity statute dealing only with category [1], which does not include what is called "fighting words." If such a statute existed, this conviction would best be affirmed under category [1], rather than the court's being required to determine also if the words uttered are of a fighting nature. All of our determinations in these areas are subjective findings made on a case-by-case basis. Justice Harlan in *Cohen* opines "that one man's vulgarity is another's lyric." Assuming arguendo that this statement may be in part true, it does not mean that some words and utterances inflicting injury (not amounting to fighting words) are not, nevertheless, in some instances obscene. These words are no more difficult to pinpoint, prohibit, and proscribe, than are words and utterances that constitute "fighting words."

In summary, our state presently does not have a pure obscenity prohibition statute but has an obscenity statute only where the words unprotected are also of a fighting nature. Whether or not this gap or hiatus should be plugged or filled addresses itself to the legislature rather than this court.

DECIDED SEPTEMBER 14, 1987.

*Lee Sexton, Lillian L. Neal*, for appellant.
*James L. Webb, Solicitor, Christina A. Craddock, Assistant Solicitor*, for appellee.