## 76665. EVANS v. THE STATE.
### (373 SE2d 52)

Birdsong, Chief Judge.

Appellant Charles Evans was tried by a jury for failing to drive on the right half of the roadway and using abusive and opprobrious language. Although the traffic violation was dismissed, the jury found appellant guilty of using abusive and opprobrious language in violation of OCGA § 16-11-39, for which he was fined $200. *Held*:

1. Appellant contends that he was justified in questioning the police officers since the traffic violation, which was the basis for his apprehension, was eventually dismissed. Furthermore, appellant claims the language used was neither opprobrious nor abusive.

OCGA § 16-11-39 provides: "A person who commits any of the following acts commits a misdemeanor: (1) Without provocation, uses to or of another, in his presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence, naturally tend to provoke violent resentment, that is, words commonly called 'fighting words'. . . ." Appellant argues that the officer admitted the language used was "very routine" and thus, tends to show there was no provocation of violent resentment. OCGA § 16-11-39 makes no distinction between the types of persons to whom the words are uttered. See *Chaplinsky v. New Hampshire*, 315 U. S. 568 (2) (62 SC 766, 86 LE 1031). The fact that a policeman admits to hearing obscene language during the performance of his duties is not a defense available to the defendant under this code section. *Bolden v. State*, 148 Ga. App. 315, 316 (2) (251 SE2d 165).

The jury is required only to determine that the words uttered would, as a matter of common knowledge, naturally tend to provoke a violent response. *Bolden*, supra. There was ample evidence to support the jury verdict. The officer testified that the appellant called him a "g. . . d. . . liar" and told all the officers at the scene to "f. . . o. . . ." The evidence adduced at trial was sufficient to enable a rational trier of fact to find the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). "The acquittal of the [defendant] on the charge

of [failing to drive on the right half of the roadway] does not mean that the jury could not also find that the words uttered by the [defendant] were of the type which [would] tend to provoke a violent response." *Bolden*, supra. Thus, we find no error.

2. Appellant contends such language is protected by the First Amendment of the United States Constitution. In *Chaplinsky*, the U. S. Supreme Court stated, "It is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words — those which by their very utterance . . . tend to incite an immediate breach of the peace." This conclusion is also supported by *Cantwell v. Connecticut*, 310 U. S. 296, 309-310 (60 SC 900, 84 LE 1213), in which the U. S. Supreme Court held: "Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument." Thus, this argument warrants no merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*James W. Friedewald*, for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Amy A. Hembree, Assistant Solicitors*, for appellee.