A90A0330. SHULER v. THE STATE.
(395 SE2d 26)

BEASLEY, Judge.

Defendant was indicted for twenty-one counts of simple battery, OCGA § 16-5-23, and one count of cruelty to children, OCGA § 16-5-70 (b). He was convicted only of the misdemeanor offense of the use of fighting words, OCGA § 16-11-39 (1). The charges stem from alleged incidents occurring between defendant school teacher and seventh-grade students. The cruelty to children charge was that defendant caused mental pain to a male student, in front of the class, when the student asked a math question and defendant told him to go to the bathroom and beat off.

The student testified that defendant told him "to go beat off." Another student related that when defendant was asked a question he responded: "Well, why don't you just go to the bathroom and go beat off." Defendant denied the response as quoted but testified that when queried he told the student "to attack the problem, don't molest it."

As requested by the state, the trial court charged that use of opprobrious or abusive language which tends to incite a breach of the peace, commonly known as "fighting words," was a lesser included offense of cruelty to children and if it found the defendant not guilty of the first it should consider whether defendant was guilty of the second. The trial court defined the offense as described in OCGA § 16-11-39 (1). [OCGA § 16-11-39 (2) is not involved in this case. See *Crolley v. State,* 182 Ga. App. 2, 3 (2) (354 SE2d 864) (1987).]

Defendant's motion for new trial, after he was found guilty of "fighting words," was overruled. The enumerations of error are 1) that the use of opprobrious language tending to incite a breach of peace is not a lesser included offense of cruelty to children, and 2) that if it is, the evidence does not authorize the verdict.

1. OCGA § 16-1-6 together with OCGA § 16-1-7 contain the standards for determining if one offense is included in another as a matter of fact or as a matter of law. *Harmon v. State,* 235 Ga. 329, 330 (2) (219 SE2d 441) (1975). They are alternative and not conjunctive. *State v. Estevez,* 232 Ga. 316, 319 (1) (206 SE2d 475) (1974). Paragraph (1) of § 16-1-6 sets out the rules for determining included

crimes as a matter of fact and paragraph (2) treats those included as a matter of law. *Stephens v. Hopper*, 241 Ga. 596, 599 (1) (247 SE2d 92) (1978).

Under OCGA § 16-5-70 (b) a "person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-11-39 (1) prohibits using, either to or in the presence of another, opprobrious or abusive words, which by their very utterance tend to incite an immediate breach of the peace; words which naturally tend to provoke violent resentment, "fighting words." The two offenses differ more than with respect to a less serious injury or risk of injury, or a lesser kind of culpability. OCGA § 16-1-6 (2). The crimes have different elements, prohibit generally different types of conduct and seek to protect different classifications of victims. See *Whiteley v. State*, 188 Ga. App. 129, 132 (5) (372 SE2d 296) (1988); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981); *Moore v. State*, 140 Ga. App. 824, 826 (2) (232 SE2d 264) (1976). OCGA § 16-11-39 (1) is not included in OCGA § 16-5-70 (b) as a matter of law.

Whether OCGA § 16-11-39 (1) is a lesser included offense as a matter of fact is closer. It is included if the lesser crime may be established by proof of the same or less than all the facts or a less culpable mental state than is required by the higher crime. OCGA § 16-1-6 (1).

Ordinarily, cruelty to children would not cover facts which would sustain a charge of "fighting words." *State v. Hightower*, 252 Ga. 220, 222 (312 SE2d 610) (1984), holds: " 'one crime may be changed into another by adding or subtracting elements which distinguish them. However, where the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense. Criminal indictments are not deemed amendable to conform to the evidence.' " See *Bowers v. State*, 177 Ga. App. 36 (1), 37 (338 SE2d 457) (1985).

"There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." *Goldin v. State*, 104 Ga. 549, 550 (1) (30 SE 749) (1898). Accord *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984); *State v. Williams*, 247 Ga. 200, 203 (2) (275 SE2d 62) (1981); *Rowe v. State*, 166 Ga. App. 836 (1) (305 SE2d 624) (1983); *Nelson v. State*, 136 Ga. App. 861 (222 SE2d 677) (1975).

This is the case here. The proof tracked the indictment which set forth words defendant said to the student which would fall within the perimeter of that forbidden by OCGA § 16-11-39 (1). While not spe-

cifically charged with using "fighting words," defendant was indicted for using language which would tend to incite an immediate breach of the peace. Although the offense may not have been strictly a "lesser included" one within the scope of cruelty to children, the language of the indictment together with the evidence authorized the jury charge on "fighting words."

2. Defendant argues that the evidence was insufficient because the testimony was conflicting and the words used were not within the purview of the statute, citing *Crolley*, supra. That case is only authority for the proposition that obscene and vulgar or profane words are not per se also opprobrious or abusive as naturally tending to incite a breach of the peace.

The retort for which defendant was convicted is similar to that used in *Evans v. State*, 188 Ga. App. 347 (1) (373 SE2d 52) (1988). That opinion noted that merely because one has heard the language before (even police officers who were subjected to such language on a regular basis) does not affect the fact that such language will provoke violent resentment, citing *Bolden v. State*, 148 Ga. App. 315 (2) (251 SE2d 165) (1978). Here, due no doubt at least in part to the victim's age and defendant Shuler's position of authority, the statement did not lead to actual violence. This did not change the character of the words as being of a nature tending to provoke violent resentment and incite a breach of the peace.

Because on appeal the evidence is construed, and all conflicts are resolved, in favor of the verdict, *Anderson v. State*, 245 Ga. 619, 622 (1) (266 SE2d 221) (1980), any rational trier of fact could have found defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1990 —
REHEARING DISMISSED JUNE 7, 1990.

*David E. Ralston*, for appellant.
*Roger Queen, District Attorney*, for appellee.