## A93A1043. HARDY v. THE STATE.
(437 SE2d 790)

BIRDSONG, Presiding Judge.

Michael D. Hardy appeals his convictions of kidnapping, aggravated sodomy, and attempted rape. He contends the trial court erred by refusing to excuse a juror who expressed reservations about her ability to serve, by refusing to give a charge on reconciliation of testimony, and by refusing to find that there was a merger of the kidnapping and aggravated sodomy counts. Hardy also contends the evidence is insufficient to support his conviction. *Held*:

1. Hardy contends the trial court erred by refusing to excuse a juror who, after the jury was selected, but before the jurors took the trial oath, informed the trial court: "I don't want to sit on this jury. I was molested as a teenager, and I don't want to sit on this jury." Af-

ter a dialogue with counsel, the court questioned the juror: "[Juror], here would be the question we would have. Many people that don't want to sit on the jury, you know — [Juror]: Let me put in this. I'm in therapy right now, and I don't know that I can handle this. [The Court]: Let me ask you this question. Here is the only question that I can consider, and this is whether or not you could be fair and impartial in the trial of the case. [Juror]: I don't know. I don't know what this is going to bring up about my own business. [The Court]: [Juror], that I don't know either. I know nothing about the case. It would not be any case that would, of course, would be related to your experience. [Juror]: Yet — I prefer not. [The Court]: [Juror], I'm bound by certain rules as to what I can and cannot do, and at this point I am unable to excuse you. [Juror]: Fine."

The record also shows that the juror did not respond affirmatively to questions asking whether she had formed an opinion as to guilt or innocence, whether she knew of any reason she would be biased in the case, either for or against the State or Hardy, and whether she was not perfectly impartial between the State and Hardy. Moreover, although the juror had earlier answered that she had been a victim of sodomy and molestation, Hardy did not exercise any form of challenge against her. Indeed, even after the juror's comments to the court, Hardy did not seek to have her excused, but instead, sought to remove another juror. After the court refused to excuse the juror, Hardy moved for a mistrial because the juror was not excused.

"When ruling on a potential juror's qualifications, the trial court must make a factual determination based on all the circumstances known to the court, including, but not limited to, the juror's own opinion of his impartiality." *Lively v. State*, 262 Ga. 510, 511 (421 SE2d 528). Thus, it is not controlling here that the juror did not state expressly that she could serve without reservation. Further, the juror expressed no bias against Hardy, and the basis for her concern was the effect of the trial on her personal situation. "In the present case, while the juror at issue did express some reservations concerning [her] ability to put aside [her] personal experiences, the trial court did not abuse its discretion by refusing to excuse the juror for cause." *Johnson v. State*, 262 Ga. 652, 653 (424 SE2d 271).

2. As Hardy neither requested nor joined in the State's request for a charge on reconciliation of testimony, he cannot complain that the trial court refused the State's request for such a charge. "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury [OCGA § 5-5-24] this does not relieve him from the necessity of requesting instructions." *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397). Accordingly, Hardy's failure to request a charge on this issue waived any

deficiency in failing to give the charge requested by the State. *Sosebee v. State*, 169 Ga. App. 370, 372 (312 SE2d 853).

3. Hardy's contention that the trial court erred by refusing to merge the kidnapping offense with aggravated sodomy is also without merit. "OCGA § 16-1-6 together with OCGA § 16-1-7 contain the standards for determining if one offense is included in another as a matter of fact or as a matter of law. *Harmon v. State*, 235 Ga. 329, 330 (2) (219 SE2d 441) (1975). They are alternative and not conjunctive. *State v. Estevez*, 232 Ga. 316, 319 (1) (206 SE2d 475) (1974). Paragraph (1) of § 16-1-6 sets out the rules for determining included crimes as a matter of fact and paragraph (2) treats those included as a matter of law. *Stephens v. Hopper*, 241 Ga. 596, 599 (1) (247 SE2d 92) (1978)." *Shuler v. State*, 195 Ga. App. 849, 850 (395 SE2d 26).

Under OCGA § 16-1-7 (a), "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other." Kidnapping (OCGA § 16-5-40) and aggravated sodomy (OCGA § 16-6-2 (a)) are not included offenses as a matter of law because the crimes have different elements and prohibit different conduct. The two crimes, however, may be included as a matter of fact when the same or less than all the facts are used to prove both crimes. OCGA § 16-1-6 (1); *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639); *Shuler v. State*, supra. In this case, however, the same evidence was not used to prove both crimes. Accordingly, the trial court did not err by refusing to find a merger.

4. Hardy's contention that the evidence is insufficient to sustain his conviction is without merit. The victim's testimony alone was sufficient to sustain the convictions. "Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980)." *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993

*T. Neal Brunt*, for appellant.
*T. Joseph Campbell, District Attorney, Mickey R. Thacker, As-*

*sistant District Attorney*, for appellee.